Josephine Francis, Appellee, v. Wayne Galbreath, Appellant.

Gen. No. 8,839.

Opinion filed January 10, 1935.

CHARLES E. LAUDER and FREDERICK H. LAUDER, both of Monmouth, for appellant.

SAFFORD, SOULE & KRITZER, of Monmouth, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The plaintiff, Josephine Francis, started suit in the circuit court of Warren county, in which she asks for an injunction to restrain Wayne Galbreath, commis-

sioner of highways of the township of Ellison, Warren county, Illinois, from excavating a ditch or ditches across the public highway adjoining her property, from constructing culverts across the highway, and from excavating any ditch or ditches for the purpose of culverts across said highway. The verified petition was filed April 25, 1934. The court issued a temporary injunction restraining the said commissioner, the appellant here, from excavating any ditches across said highway and restraining him from putting in any culverts in said ditches. The court also issued a mandatory injunction to close said culvert and ditch so as to prevent any water from flowing through the same until a hearing could be had upon the petition. Subsequently the petition was amended. On July 6, 1934, the defendant filed an answer and made a motion to dissolve the temporary injunction. The case was heard before the court on the bill of complaint as amended, the amended answer, replication affidavits and the oral testimony of Theodore Bonderer, a civil engineer and surveyor, who is also county superintendent of roads for Warren county. At the conclusion of the hearing the court overruled the motion to dissolve the injunction but modified it by striking out the mandatory part of the temporary order.

The pertinent part of the bill as amended charges: ''That waters are discharged on the land of Appellee in a manner contrary to a state of nature; that irreparable injury will be done to Appellee.'' The specific things which constituted the irreparable injury are alleged in the following manner: ''The undersigned further represents that the said Wayne Galbreath, Commissioner as aforesaid, and his agents, in order to carry the surface waters from the west side of said highway across said highway and thence North along the East side thereof, have dug ditches and thrown up a levee of earth along the east side of said highway or have caused and permitted ditches to be dug and a

levee of earth to be erected along the East side of said highway and they are maintaining and causing or permitting said ditches and levee of earth to remain across and change and obstruct said natural water course, all of which diverts said waters at said point from its natural water course and causes said surface waters to be discharged upon the lands of plaintiff in a manner contrary to nature and to the irreparable injury of plaintiff; that the embankment or levee erected by the Commissioner changes and obstructs a natural water course; that the embankment levee and ditch all divert said waters at said point from its natural water course."

The appellant contends that the plaintiff was not entitled to the relief granted because the bill was amended after the preliminary injunction was ordered and if the bill as presented when the injunction order was signed was not sufficient to support the injunction order on motion the injunction should be dissolved. The same question was presented to our Supreme Court in the case of *Court Rose No. 12 Foresters of America v. Corna,* 279 Ill. 605, in which the Supreme Court in discussing the matters used this language: "The amended and supplemental bill and amendments thereto did not change the object of the suit but did nothing more than to elaborate the facts upon which the same relief was asked. Where there is a change in the purpose of a suit and in the relief prayed for, an amendment to a bill may render a temporary injunction ineffective, but whenever, pending an injunction, an amendment is allowed which merely sets out in detail the facts, with no change in the character of the case, the injunction is not affected. Moreover, that question was considered on the appeal to the Appellate Court from the order denying the motion to dissolve the injunction, and by the statute the decision of the Appellate Court was final."

It is also contended by the appellant, that the plaintiff has failed to prove that the proposed work of the highway commissioner would damage her property. It is the appellee's contention that the proposed levee on the east side of the road along her land will prevent water which would naturally flow through her property from going upon it the same way that it usually flows if it were not for the levee which was being erected on the east side of the road next to her property. She also claims that she is entitled to have this water come upon her premises as in a natural flow, and that it would be an injury to her land if it is diverted from its natural water course. Mr. T. J. Bonderer, the county superintendent of highways of Warren county, in his testimony said: "When water reaches the level at the north end top of outlet, water spreads eastward into such territory as is low, that is, part of the Francis' land and Jones' land, and if a levee was not there and the ditch, the water would flow over the Jones' and Francis' land." And later in the testimony the court asks this question: "I take it that there is no doubt on this project as it has been built, it changes the natural course of the water, takes it to the side of the road instead of coming across this land." To which witness replied, "I think the installation of the two culverts has not changed the natural course, but the construction of a levee has." From the testimony of this witness it is clear that the proposed work on this road is, or will change the natural flow of the water upon the Francis' land.

Complaint is also made that the court erred in not dissolving the temporary injunction for the reason that the appellee had failed to show any substantial damages by reason of the ditch and levee being in front of her premises. In the case of *Winhold v. Finch,* 286 Ill. 614, on page 619, it is said: "It is true that to justify relief by injunction an actual and substantial injury must be shown, as was held in *Girard v. Lehigh*

*Stone Co.,* 280 Ill. 479, and *Dunn v. Youmans,* 224 id. 34, but this does not mean that the injury must necessarily be great in the pecuniary loss involved or impossible of compensation in damages. When an owner of property is about to be deprived of a legal right in connection with it by the wrongful act of another for which there is no legal redress the act may be restrained by injunction, or, if it has already been executed, may be required to be undone, if this is practicable. The irreparable injury necessary to give a court of equity jurisdiction in such a case is not one so great as to be impossible of compensation but one of such a character that the law cannot give adequate compensation for it. 'The fact that no actual damages can be proved, so that in an action at law the jury could award nominal damages, only, often furnishes the very best reason why a court of equity should interfere in a case where a nuisance is a continuous one.' (Elliot on Roads and Streets, 497; *Newell v. Sass,* 142 Ill. 104.) Where an injury is of such constant and frequent occurrence that no fair or reasonable redress can be had for it in a court of law it may be enjoined. *Chicago General Railway Co. v. Chicago, Burlington and Quincy R. R. Co.,* 181 Ill. 605.''

It is our opinion that the appellee made a prima facie case and that the showing made by the appellant was insufficient to justify the court in dissolving the temporary injunction. The order appealed from should be, and is, hereby affirmed.

*Affirmed.*