PER CURIAM.

(No. 74-CC-131—Motion 

JOHN F. TRUTY, Claimant, *vs.* BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Respondent.

*Opinion filed February 14, 1974.*

TUOHY AND MARTIN, Attorneys for Claimant.

JOHN W. PURVEY, Attorney for Respondent.

HOLDERMAN, J.

Claimant filed his Complaint on October 9, 1973, in which he alleges that on October 8, 1971, he was the owner of a certain Buick automobile, and that on said date, the University of Illinois was the owner and operator of a certain parking lot designated as Number 40, located at Harrison Street east of Racine, in Chicago, Illinois.

Claimant further alleges that while he was operating his vehicle on said parking lot, he collided with a certain cable belonging to respondent which was strung in a non-lighted area of the respondent's premises. It is from this action that he alleges the damage occurred from which he seeks to recover.

The suit names the University of Illinois as the respondent.

On November 29, 1973, the respondent filed a Motion to Dismiss and Strike the Complaint.

As the basis for said Motion, the respondent states that the Complaint was filed too late, setting forth the fact that the accident happened on October 8, 1971, and the Complaint was not filed until October 9, 1973, one day beyond the time allowed by law.

Respondent, as a second ground for dismissal, sets forth the fact that claimant named the University of Illinois as respondent while, in fact, the proper respondent should have been the Board of Trustees of the University of Illinois.

Respondent alleges that proper notice was not given

and calls attention to the fact that claimant's notice was directed to the Board of Governors of the State Colleges and Universities, which is an organization that does not have any connection with the Board of Trustees of the University of Illinois.

Respondent further alleges that this notice should have been given within six months from the time the claim accrued and that it was not filed within that time. The record indicates it was received by the Attorney General's office on May 3, 1973, which the respondent alleges is thirteen months beyond the last day that claimant could file his notice.

Respondent, as further grounds for dismissal, states that the Complaint failed to comply with Rule 5A1 of the Rules of the Court of Claims in that it failed to state the nature of the claim and the section of the Court of Claims Act under which recovery is sought and that it further failed to comply with Rules 5A3, 5A3(a), and 5A3(b) in that it failed to state whether the claim had been previously presented to any State Department or Office thereof, and the result of such presentment, if any.

Respondent further states that the Complaint failed to comply with Rule 5A6 of the Rules of the Court of Claims in that it failed to state whether claimant is justly entitled to the amount therein claimed from the University of Illinois.

Respondent further states that the Complaint failed to comply with Rule 5A7 of the Rules of the Court of Claims in that the claimant had failed to state whether said claimant believes that the facts stated in the Complaint are true.

The next objection was that the Complaint failed to comply with Rules 5A8 and 5A8(a) of the Rules of the

Court of Claims and that the claim did not state whether it had previously been presented to any person, corporation or tribunal, other than the State of Illinois, or the University of Illinois, and the results of such action.

The next objection by the respondent was that the Complaint violated Rule 5A9 of the Rules of the Court of Claims because there was not any Bill of Particulars attached to the Complaint.

The last objection by the respondent was that the Complaint failed to comply with Rule 5B1 of the Rules of the Court of Claims because no copy of the Notice required to be sent by Chapter 37, Section 439.22-1, Illinois Revised Statutes, was attached to the Complaint as a separate item.

The claimant filed a Reply to Motion to Dismiss and Strike the Complaint and attempted to meet all the objections set forth in the Motion to Dismiss and Strike the Complaint. It called attention to the fact that as to the first objection, which was that the Complaint was not filed in time, the date of October 8, 1973, which is two years from the time of the accident, was a legal holiday, and that the filing October 9, 1973, was to be considered timely filed.

In this connection, it is interesting to note that Chapter 98, Section 20C is as follows:

"The second Monday in October of each year shall be a holiday, to be known as "Christopher Columbus Day" and which shall be observed throughout the State as a day on which to hold appropriate ceremonies and exercises in commemoration of the discoveror of the New World and his discovery of October 12, 1492."

The word "holiday" is used by the legislature in this particular section of the statute; whereas, in Section 20A, it refers to Lincoln's Birthday and in Section 20B it refers to Good Friday as a "legal holiday." Section 20C

which deals with Christopher Columbus Day, and also Section 19 dealing with Veterans Day, refers only to those days as "holidays." I believe, however, the fact that the notice was not filed at that time is not sufficiently supported by the authorities to warrant dismissal on that ground.

As to the objection that improper notice was served, we call attention to the case of *Munch* vs. *State of Illinois*, 25 Ill. Court of Claims, 313, which says, in effect, that there is no statutory notice requirement with regard to property damage cases such as the present one.

The Court believes that the Complaint was defective in that it did not comply with 3a under Rule 5, 5a under Rule 5 and Sections 6, 7, 8 and 9 of Rule 5.

Respondent's Motion to Dismiss and Strike the Complaint is hereby granted and said cause is dismissed.