(No. 78-CC-0938—

EILEEN McCORMICK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 19, 1980.—Rehearing denied September 17, 1980.*

CORNFIELD AND FELDMAN, for Claimant.

HOLDERMAN, J.

This matter coming to be heard upon the motion of Respondent to dismiss the claim herein, and it appearing to the court that Claimant has received due notice of said motion, and the court being fully advised in the premises, finds:

A. That the Claimant, Eileen McCormick, an employee of the Department of Mental Health and Developmental Disabilities, claims temporary assignment pay on the basis that she was not promoted according to the provisions of a memorandum of understanding entered into by the Union and the Department.

B. That the Claimant filed a grievance, pursuant to the procedure set forth in the Collective Bargaining Agreement, which was settled at step 4A of that procedure.

C. That step 4 of the grievance procedure within the bargaining agreement provides for compulsory arbitration which divests the Director of Personnel of his ultimate authority to adjudicate employee grievances.

D. That Ill. Rev. Stat. 1977, ch. 127, par. 63b108c, proscribes the Director of Personnel from entering into agreements calling for compulsory arbitration, and the Departmental rules, having the force and effect of law, provide that the Director of Personnel can never be bound by the decision of an arbitration panel.

E. That the grievance procedure within the bargaining agreement, insofar as it provides for compulsory arbitration, is directly contrary to Departmental Rules and the provisions of the Personnel Code, and cannot serve as a basis for an award by the Court of Claims. *Selby v. Health and Hospital Governing Commission of Cook County* (1974), 22 Ill. App. 2d 632, 317 N.E.2d 642.

F. That the administrative procedure followed in this case, insofar as it violated the procedural requirement of the Personnel Code, is void and unenforceable. *Chicago Rys. Co. v. Commerce Commission* (1929), 336 Ill. 51, 167 N.E. 846.

G. That Claimant has otherwise failed to exhaust its administrative remedies in accordance with the requirements of Ill. Rev. Stat. 1977, ch. 37, par. 439.24—5 and Court of Claims Rule 6.

H. That the failure to exhaust valid administrative remedies shall be grounds for dismissal pursuant to

Court of Claims Rule 9, *Triuty v. Board of Trustees of the University of Illinois* (1974), 29 Ill. Ct. Cl. 222.

That pursuant to the above findings it is hereby ordered that the respondent's motion be, and the same is, hereby granted, and the claim herein is hereby dismissed.