132

(No. 78-CC-0746– )

OLIVIA FLUNDER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 1, 1980.*

DAVIS, MINER & BARNHILL (GEORGE F. GALLAND, JR., of counsel), for Claimant.

HOLDERMAN, J.

While this case involved only $122.00 in back pay, nevertheless many basic rules and principles are involved which we feel should be set forth.

The Claimant was employed in a civil service position in the Illinois Department of Public Aid. On February 16, 1975, Claimant was promoted to a clerk typist III, grade 5, step 5. Between August 4, 1976 and February 7, 1977, Claimant was on maternity leave from her position. On June 16, 1977, Claimant was given a grade 5, step 6 increase in pay based upon the Department of Personnel Pay Plan in effect prior to July 1, 1977. Claimant was properly paid pursuant to the Department of Personnel Pay Plan as a clerk typist, grade 5, step 6, from June 16, 1977, through June 30, 1977. Claimant terminated her employment on July 14, 1977, and was a clerk typist, grade 5, step 6 at the time of her termination and was paid at that level.

On July 1, 1977, a collective bargaining agreement,

RC-14-OCB, between State of Illinois, Department of Personnel and American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME) became *effective for the period July 1, 1977, to June 30, 1979.* The specific portion of the contract agreement, which applied to this claim is Article XXXIII, Section 6.

"Section 6. Steps

Effective December 1, 1976, any bargaining unit employee at step 5 or 6 with 12 or more months creditable service as that term is defined in the Pay Plan shall be advanced to the next higher step and the employee shall be given a new creditable service date of December 1, 1976.

Subsequent to December 1, 1976, employees with fewer than 12 months creditable service on step 5 or 6 and those who move to step 5 or 6 on or after December 1, 1976, shall be advanced to the next higher step on the first day of the month within which 18 months creditable service is reached."

According to the provisions of Section 6 of the collective bargaining agreement, Claimant would be entitled to step 6 at the time she returned from her maternity leave on February 7, 1977, until June 17, 1977, when she had already received the step 6 increase. The salary differential for the period in question between grade 5, step 5 and step 6 was $28.00 per month and totalled $122.00 for the period in question.

All of the earnings for this step increase pursuant to the collective bargaining agreement *pertained to a period before the effective date of the collective bargaining agreement.*

In this particular case, Claimant has asked this court to grant additional retroactive back pay differential for a step 6 increase from February 7, 1977, through June 17, 1977, when she actually received her step 6 increase, based on Article XXXIII, Section 6 of the Collective Bargaining Agreement which became effective July 1, 1977. The entire amount of the $122.00 pay differential for this period pertained to the period prior to the

effective date of the collective bargaining agreement. This claim is in direct conflict with the prohibition of Ill. Rev. Stat. 1977, ch. 127 par. 145, which provides:

"Amounts paid ° ° ° for personal services of any officer or employee of the State ° ° ° shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid, ° ° ° which payments would constitute in fact an additional payment for work already performed ° ° ° except ° ° ° based upon the effective date of a collective bargaining agreement ° ° ° shall not be construed as an additional payment ° ° °."

Even though this statutory provision provides for some changes due to collective bargaining agreements, it *does not allow any change prior to the effective date of the collective bargaining agreement.* Therefore, since this claim pursuant to the collective bargaining agreement is entirely prior to the effective date of the contract and is in direct conflict with Ill. Rev. Stat. ch. 127, par. 145, this claim must be denied as in violation of statutory prohibition of additional back pay.

The General Assembly has established the basic rule of law pertaining to the payment for personal services in Ill. Rev. Stat. 1977, ch. 127, par. 145 which states as follows:

"Amounts paid from appropriations for personal service of any officer or employee of the State ° ° ° shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid ° ° ° which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made, except that wage payments made pursuant to the application of the prevailing rate principle or based upon the effective date of a collective bargaining agreement between the State, or a State agency and an employee group shall not be construed as an additional payment for work already performed."

The rule of law in this State is that where there is any conflict between the provisions of a contract and State Statute, the statute prevails and the contract provisions are invalid. This rule of law has been recently pronounced as applicable to collective bargaining agreements in *Sibley, et al. v. Health and Hospitals' Governing Com-*

*mission· of Cook County, et al.*, 317 N.E.2d 642, 646 where the court stated:

"*A contract which violates a valid statute is void. There is no exception to this rule, for the reason that the law cannot enforce a contract which it prohibits.* (DeKam v. City of Streator, 1925, 316 Ill. 123, 146 N.E. 550; Green v. Hutsonville Twp. High School Dist. No. 201 1934, 356 Ill. 216, 190 N.E.267). The Act creating the present Commission clearly sets forth the methods by which merit service employees such as petitioners may be severed from employment. The provision in the union contracts referring to mandatory retirement age could not affect the rights of the petitioners conferred to them under a valid statute."

Claim denied.