American Device Manufacturing Company, a Missouri Corporation, Plaintiff-Appellee, v. International Association of Machinists, District No. 9, an Unincorporated Labor Organization, Local 673, International Association of Machinists, an Unincorporated Labor Organization, Roy B. Hawkins, et al., Defendants-Appellants.

Gen. No. 68–24.

Fifth District.

January 30, 1969.

Strubinger, Burke, Keller & Davis, of Belleville, for appellants.

Stephen W. Skrainka, Husch, Eppenberger, Donohue, Elson & Cornfeld, of St. Louis, Missouri, and David B. Stutsman and Walker & Williams, of East St. Louis, for appellee.

GOLDENHERSH, P. J.

Defendants, Paul Castens, Adolph Heitman, Paul Zimmer, Ronald Jones, Claude White, Louis Karr, and Martin Wolters "individually and as representatives of the class consisting of all of the members of District 9 as to whom there was a common question of law or fact affecting the several rights of plaintiff and common relief was sought by plaintiff" appeal from the judgment of the Circuit Court of Randolph County. The judgment order provides:

> "On motion of plaintiff, the controversy herein having become moot by virtue of the settlement of the strike, the restraining order herein having been properly issued, and defendants having suffered no costs or damages by its issuance, it is hereby

> "ORDERED, ADJUDGED AND DECREED:

> "1. Plaintiff's complaint is hereby dismissed without prejudice at plaintiff's costs.

"2. The temporary restraining order heretofore issued in the above action on August 25, 1966 is hereby dissolved.

"3. The bond heretofore filed in this action on August 25, 1966 is hereby cancelled and the principal and surety thereon are hereby discharged and released in full.

"4. The motion of certain defendants to dissolve the temporary restraining order and the suggestion of damages are hereby denied."

The "motion of plaintiff" referred to in the order was made orally at the time the court heard argument on defendant's Motion to Dissolve Temporary Injunction and Suggestion of Damages.

Defendants contend (a) that under the provisions of chapter 48, section 2a, Ill Rev Stats, the trial court was without jurisdiction to issue the restraining order enjoining the strike and picketing, because they grew out of a dispute concerning terms or conditions of employment; (b) under the doctrine of preemption as developed under the Norris-LaGuardia Act (29 USCA 101, et seq.) and the Labor Management Act of 1947 (29 USCA 141, et seq.), Federal substantive law is here applicable, and Federal substantive law does not permit issuance of a restraining order prohibiting a strike and picketing, even though a breach of a "no-strike" provision of a labor management contract is alleged; (c) the court erred in finding the issues to be moot and in denying defendants relief upon their Suggestion of Damages.

Plaintiff contends (a) that regardless of its jurisdiction to issue the restraining order, the trial court did not err in denying defendants' Suggestion of Damages; (b) chapter 48, section 2a, Ill Rev Stats does not deprive the circuit court of jurisdiction to grant a temporary restraining order; (c) the Norris-LaGuardia Act has no application to this case.

Plaintiff's verified complaint, filed August 25, 1966, alleges its engagement in interstate commerce, defendant's existence as a labor union, and its selection and designation as exclusive representative of plaintiff's production and maintenance employees; certain defendants have participated in and encouraged an unlawful strike; the execution of a collective bargaining agreement presently in force and effect; the grievance procedure therein contained is the sole and exclusive method of determination of grievances; a dispute between the parties with respect to the method of handling grievances was submitted to arbitration, the arbitrator sustained the position of plaintiff, and denied the contentions of defendants; the calling of an "illegal and wildcat strike" in violation of the "no-strike" provision in the collective bargaining agreement; the commencement of, and persistence in "intensive picketing" with harassment of delivery personnel and applicants for employment, for the purpose of forcing plaintiff to reinstate a discharged employee (defendant, Martin Wolters), without resort to the grievance procedure provided in the agreement; plaintiff is unable to manufacture and deliver its products and cannot fulfill its existing contracts; its goodwill, competitive position and volume are being permanently and irreparably damaged; it is without an adequate remedy at law. It contains a sufficient allegation under chapter 69, section 3, Ill Rev Stats and prays the issuance of a temporary restraining order, an injunction, and further equitable relief. It states further that no monetary damages are sought.

On the same day the court, without notice, and upon presentment and approval of a bond in the amount of $1,000, issued a restraining order. In the order the court directed the defendants to appear on September 2, 1966, and show cause why a temporary injunction should not be issued.

Defendants-appellants filed a motion to dismiss the complaint, and an answer. No pleadings were filed for any of the other defendants. Approximately one year later, defendants-appellants filed a "Motion to Dissolve Temporary Injunction and Suggestion of Damages."

██ Recent decisions of the Supreme Court hold clearly and unequivocally that an action for violation of a contract between an employer and a labor organization may be brought in either state or federal courts. Humphrey v. Moore, 375 US 335, 84 S Ct 363; Smith v. Evening News Ass'n, 371 US 195, 83 S Ct 267. It appears equally clear that the anti-injunction provisions of Norris-LaGuardia (29 USCA 104) apply to federal, but not to state courts. Ford v. Boeger, 362 F2d 999; American Dredging Co. v. Local 25, Marine Division, International Union Operating Engineers, 338 F2d 837. The parties agree that Federal substantive law applies, and the issues remaining for determination are whether, because of section 2a of chapter 48, the circuit court was without jurisdiction to issue the restraining order, and whether it correctly denied defendants' Suggestion of Damages.

Article VI, section 9 of the Constitution of Illinois confers upon the circuit courts "unlimited original jurisdiction of all justiciable matters." Statutory provisions contained in the Injunction Act (c 69, Ill Rev Stats) and section 2a of chapter 48 limit the powers of the circuit court to issue injunctions, but do not deprive it of jurisdiction so to do. In contract, Norris-LaGuardia (section 104) provides "No court of the United States shall have jurisdiction . . . ."

██ We have examined the authorities (see Ossey v. Retail Clerks' Union, 326 Ill 405, 158 NE 162; Fenske Bros., Inc. v. Upholsterers' International Union of North America, 358 Ill 239, 193 NE 112) and conclude that section 2a does not prohibit the enjoining of an illegal act, or an act which gives rise to a liability. (Fenske Bros.,

at p 258.) That this was its intent is further demonstrated by the fact that in Preble v. Architectural Iron Workers' Union of Chicago, 260 Ill App 435, decided subsequent to the enactment of section 2a, the Appellate Court affirmed a decree which enjoined the calling of a strike in violation of a "no-strike" clause in a collective bargaining agreement.

Under Local 174, Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Lucas Flour Co., 369 US 95, 82 S Ct 571, it was held that a strike called by a labor union to settle a dispute involving the discharge of an employee, which the collective bargaining agreement provided should be settled exclusively and finally by compulsory arbitration, constituted a violation of the agreement, rendering the union liable for business losses caused by the strike, even though the agreement did not contain a "no-strike" clause covering the subject of the dispute. Here, the complaint alleges that the contract, in addition to providing that the grievance procedure is the sole and exclusive method of settling disputes, contains a "no-strike" clause.

Applying Federal substantive law, as we are required to do, we hold that the complaint states a cause of action for breach of the collective bargaining agreement. The allegations of the verified complaint are sufficient to support a decree enjoining the acts complained of, and the provisions of section 2a are not applicable.

In Terminal R. Ass'n of St. Louis v. International Ass'n of Machinists, 333 Ill App 288, 77 NE2d 448, the court said: "As to whether an injunction shall issue without notice in any case depends upon the particular facts in any such case, and is within the sound discretion of the chancellor, which discretion courts of review will not interfere with unless the record shows an abuse of such discretion."

The complaint, as verified, makes a showing sufficient under chapter 69, section 3, Ill Rev Stats that the rights

of the plaintiff will be unduly prejudiced if the restraining order were not to issue, immediately, without notice.

The record shows that only the individuals named here as appellants appeared and filed pleadings. The motion to dissolve the temporary injunction was not filed for more than a year after the injunction was issued. Defendants' motion to dismiss lay dormant and was not argued. The docket orders show that no action was taken from September 1966, until the motion to dissolve was filed in September 1967. Under the circumstances, we cannot say that the circuit court abused its discretion either in granting the injunction, or in refusing to dissolve it. Under the circumstances, there is no basis for assessment of damages (c 69, § 12, Ill Rev Stats).

For the reasons set forth the judgment is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.