CHARLES SIBLEY, Plaintiff-Appellee, v. THE HEALTH & HOSPITALS' GOVERNING COMMISSION OF COOK COUNTY et al., Defendants-Appellants.

BURIL UPSHIRE, Plaintiff-Appellee, v. THE HEALTH & HOSPITALS' GOVERNING COMMISSION OF COOK COUNTY et al., Defendants-Appellants.

THE PEOPLE ex rel. CATHERINE CALLAGHAN et al., Plaintiffs-Appellees, v. THE MERIT SYSTEM ADVISORY COMMITTEE et al., Defendants-Appellants.

(Nos. 58654, 59540, 59591 cons.;

First District (3rd Division)—August 15, 1974.

Vedder, Price, Kaufman & Kammholz, of Chicago (Robert C. Claus, Dean H. Bilton, and Martin P. Marta, of counsel), for appellants.

Palmer, McHugh, Muldoon & Blackman, Ltd., of Chicago (John J. Muldoon, of counsel), for appellees.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

We are asked in this consolidated appeal to decide whether the Health and Hospitals' Governing Commission of Cook County (hereinafter the Commission) has the power to establish a mandatory retirement program for its employees.

The Commission was created by the legislature to operate the Cook County Hospital and certain other medical institutions. (Ill. Rev. Stat. 1971, ch. 34, par. 5011 *et seq.*) On February 15, 1972, the Commission adopted a resolution establishing a compulsory retirement program for all its employees effective as of January 1, 1973. The resolution set forth 65 years as the maximum age for employment with the Commission with graduated application to employees between the age of 65 and 70 as of the effective date. The resolution also included a provision for deferment from retirement in individual cases.

All the petitioners are employees of the Commission. All had been certified and appointed in the classified service of Cook County Hospital as civil service employees. Each remained within the civil service system until they became career employees within the Commission's statutorily

required merit system. All the petitioners, except Dempsey Smith, were members of bargaining units represented by unions. The compulsory retirement provision was contained in the Commission's contracts with the unions. On December 31, 1972, all the petitioners were retired by the Commission because of age.

On December 29, 1972, petitioner Charles Sibley filed his complaint for injunction in the circuit court of Cook County, seeking to enjoin the Commission from terminating his employment because of age. On February 15, 1973, Judge Daniel A. Covelli entered such an injunction. The injunctive order also reinstated Sibley in his position as a custodial worker at Cook County Hospital and awarded him back pay.

On March 29, 1973, petitioners Catherine Callaghan, Jesse Brown, Willie Wright, Dempsey Smith, John Richmond and Edgar Bedar filed a complaint for mandamus, requesting the Commission to reinstate them to their positions at Cook County Hospital. They alleged that their employment was improperly terminated because of age. On July 8, 1973, Judge F. Emmett Morrissey entered an order commanding that they be restored to duty and awarding them back pay.

On June 20, 1973, petitioner Buril Upshire filed his complaint for injunction. On June 29, 1973, Judge Donald O'Brien entered an injunction restraining the Commission from terminating Upshire's employment for age, and reinstating him to his position as a laundry worker at Cook County Hospital. The Commission has appealed all three orders, and we have entered an order consolidating the three appeals.

The Commission initially contends that, even in the absence of specific legislative authority, it has the inherent power to establish a compulsory retirement program. The Commission, referring to certain language in the Act, argues in the alternative that the Act impliedly grants it the authority to fix an age for compulsory retirement.

■■ It is well settled that an administrative body, such as the Commission, exercises purely statutory powers and must find within the enabling statute the authority to exercise the power it claims. (*People ex rel. Polen v. Hoehler* (1950), 405 Ill. 322, 90 N.E.2d 729; *Funkhouser v. Coffin* (1921), 301 Ill. 257, 133 N.E. 649.) Administrative bodies possess no inherent or common-law powers. (*Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill.App.3d 569; *Oliver v. Civil Service Commission* (1967), 80 Ill.App.2d 329, 224 N.E.2d 671.) In *People ex rel. Hurley v. Graber* (1950), 405 Ill. 331, 90 N.E.2d 763, the court, in rejecting the concept of inherent power for administrative agencies, stated at page 346:

> "The assertion that the power of the [city civil service] commission over employees of the city of Chicago is complete except to the

extent the City Civil Service Act serves as a restraint upon their pervasive power is not a correct statement of the law. The commission's powers are delegated and its authority must find its source in the City Civil Service Act."

The trial judges in the present matter correctly held that the Commission did not have the inherent power to fix a compulsory retirement age for its .employees.

In making its alternative argument that the legislature impliedly gave it power to set a compulsory retirement age, the Commission refers to certain express powers furnished to it in the Act:

"§ 5020. * * * As agent for the county, the Commission shall have the following powers: to operate, maintain and manage such hospitals, facilities and programs; to make and enter into contracts to accomplish any or all of its purposes; to establish rules and regulations for the use, operation and management thereof; * * * as agent for the county, the Commission shall fix all salaries, wages or other compensation, or benefits and working conditions of all employees or other persons performing services for the Commission.

* * *

§ 5026. * * * The Commission shall adopt rules and regulations based on such [merit] principles governing the appointment, training, promotions, transfers, lay-off, removal, discipline, fringe benefits and welfare of its employees. * * * No merit or career employee may be discharged, demoted or suspended for a period of more than 30 days, except for cause and upon written charges."

The Commission urges that the power to establish rules and regulations for the operation and management of the hospital, and especially the power to fix all "salaries * * * benefits and working conditions of all employees," gives it the power to fix a mandatory retirement program. Additionally, the Commission claims that the express power given it to "remove" employees, and to provide for the "welfare of its employees," gives it the right to retire its employees for age.

Recently, in *Fahey, supra*, this court discussed the validity of the mandatory retirement program of the Cook County Sheriff's Merit Board. (In *Fahey*, it should be noted that the Merit Board in this court abandoned its claim, urged in the trial court, that it had inherent power to establish compulsory retirement.) We rejected the Merit Board's contention that it had received implied power from the legislature to determine compulsory retirement from the sheriff's police. In discussing legislative policy with reference to the delegation of authority to an

administrative board to make rules concerning compulsory retirement, we made the following statement pertinent to the present case:

"* * * It has been the legislature's custom to employ one of two approaches. Under the first, the relevant statute itself specifies the age for compulsory retirement of affected employees. See Ill. Rev. Stat. 1971, ch. 24½, par. 91 (civil service in parks); Ill. Rev. Stat. 1971, ch. 108½, par. 13-132 (sanitary district employees); Ill. Rev. Stat. 1971, ch. 108½, par. 15-135 (State universities retirement system); Ill. Rev. Stat. 1971, ch. 121, par. 307.12—1 (State police). The role of the respective merit boards or commissions is restricted under these laws to administration and in some instances to judgment on individual appeals for deferral of retirement beyond the age fixed by statute.

Under the second approach, the legislature has delegated to local corporate authorities a limited power to provide for compulsory retirement. Ill. Rev. Stat. 1971, ch. 24, par. 10—1—18, for example, authorizes the corporate authorities of municipalities, by ordinance, to provide an age of not less than 63 as the maximum age for legal employment of policemen. Ill. Rev. Stat. 1971, ch. 24, par. 10—2:1—17, fixes a retirement age of 65 years for policemen and firemen in municipalities where division 2.1 applies unless the corporate authorities provide by ordinance for an earlier retirement age of not less than 60 years. In each of these statutes, the section delegating the power to fix retirement age is separate from and supplemental to a provision granting general rule-making powers to the appointed board or commission which administers the Act. See Ill. Rev. Stat. 1971, ch. 24, par. 10—1—5; Ill. Rev. Stat. 1971, ch. 24, par. 10—2.1—5. It also bears noting that, whatever the approach taken, where provision has been made for compulsory retirement, the word "retirement" inevitably appears in the appropriate section's title. None of the provisions of the County Police Department Act bears such a caption.

Traditional legislative policy, then, has been to specifically approach the question of compulsory retirement, and where the decision is delegated, to pass it solely to the elected authorities of the appropriate political subdivision of the State. No instance is cited by the Merit Board, nor do we find one, where the power to fix retirement has been expressly, much less impliedly, delegated to an appointed body. (PP. 12-13, slip opinion.)

In *Fahey,* this court also determined that age alone is not just cause for removal from protected merit employment. See *Reed v. City of Youngstown* (1962), 173 Ohio St. 265, 181 N.W.2d 700.

In *Essling v. St. Louis County Civil Service Commission* (1969), 283 Minn. 425, 168 N.E.2d 663, the court invalidated a resolution of a commission which established a compulsory retirement age for its employees. In so doing, the court held that an employee who has attained permanent civil service status cannot be deprived of that status because of age except by legislative sanction.

■■ In view of the foregoing principles, since the Act in question neither fixed a compulsory retirement because of age nor expressly delegated such authority to the Commission, the trial judges correctly determined that the Commission was without authority to adopt a valid resolution with reference to compulsory retirement by reason of age.

The Commission's next contention is that, even if its resolution was invalid, those petitioners belonging to unions with bargaining agreements with the Commission, were validly retired in accordance with those bargaining agreements. The bargaining agreements between the Commission and unions contained the mandatory retirement age.

■■ A contract which violates a valid statute is void. There is no exception to this rule, for the reason that the law cannot enforce a contract which it prohibits. (*DeKam v. City of Streator* (1925), 316 Ill. 123, 146 N.E. 550; *Green v. Hutsonville Township High School District No. 201* (1934), 356 Ill. 216, 190 N.E. 267.) The Act creating the present Commission clearly sets forth the methods by which merit service employees such as petitioners may be severed from employment. The provision in the union contracts referring to mandatory retirement age could not affect the rights of the petitioners conferred to them under a valid statute.

The Commission's final contention is that the trial judges were without jurisdiction to issue their orders enjoining the termination of petitioners' employment because of the Illinois Anti-Injunction Act (Ill. Rev. Stat. 1971, ch. 48, par. 2a). We find the argument to be without merit.

■■ The Anti-Injunction Act prohibits issuance of injunctions in cases involving or growing out of labor disputes concerning terms and conditions of employment. (See *Meadowmoor Dairies, Inc. v. Milk Drivers' Union of Chicago, No. 753* (1939), 371 Ill. 377, 21 N.E.2d 308.) The Anti-Injunction Act is not applicable to the present proceedings. The Act does not prohibit the enjoining of illegal conduct. If the purpose of certain conduct, as here the termination of petitioners' employment without statutory authority, is such that it should not be permitted, the Illinois Anti-Injunction Act cannot afford protection therefrom. (*American Device Manufacturing Co. v. Machinists District No. 9* (1969), 105 Ill. App.2d 299, 244 N.E.2d 862; *Bitzer Motor Co. v. Teamsters Local 604*

(1953), 349 Ill.App. 283, 110 N.E.2d 674.) Moreover, the present dispute arises out of termination of employment, not out of terms and conditions of employment.

For the reasons stated, the orders of the circuit court of Cook County are affirmed.

Orders affirmed.

McGLOON and MEJDA, JJ., concur.