WILLIAM F. KRAFT et al., Plaintiffs-Appellants, v. JOSEPH M. SOLON, Chairman of the Civil Service Commission of Cook County, et al., Defendants-Appellees.

(No. 60695; )

First District (3rd Division)—September 18, 1975.

Jack B. Schmetterer, of Gottlieb and Schwartz, and Richard F. McPartlin, both of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Alan L. Fulkerson, Assistant State's Attorneys, of counsel), for appellees.

Gerald A. Goldman, of Goldman and Hesser, of Chicago, for intervening-appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

William F. Kraft filed a verified complaint in the circuit court of Cook County seeking a declaratory judgment that an original entrance examination for a civil service position given by the original defendants, collectively referred to as the Cook County Civil Service Commission (hereinafter the Commission), was illegal. He further requested a temporary restraining order and permanent injunction prohibiting that body from certifying and appointing persons on the resultant eligible test list to the existing vacancies. Kraft obtained such an order prohibiting the Commission from certifying and appointing the above-specified applicants during the pendency of this suit. The complaint was later adopted with modification by five intervening plaintiffs, and the trial court permitted 20 successful test applicants to intervene as additional party defendants. Subsequently, the court denied the Commission's motion to dismiss the suit, but at the same time dissolved the temporary restraining order. This interlocutory appeal by plaintiffs follows.

A detailed account of the pertinent facts and events involved in this appeal is necessary for a full understanding of the issues in this case.

At the time this controversy arose, Kraft and the other plaintiffs held various civil service positions in the Cook County Highway Department.

Additionally, they held temporary appointments for the position of Highway Engineer III.

On January 8, 1974, the Commission posted an announcement that an original entrance examination be given to fill vacancies for the position of Highway Engineer III in the Cook County Highway Department. On February 9, plaintiffs took the written part of the examination, consisting of 140 multiple choice questions and problems. The resultant eligible list was posted on April 15. Plaintiffs' names did not appear on that list.

According to the Commission's rules, the proficiency of an applicant is to be measured on a scale of 100. No person's name can appear on the eligible list whose general average is below 70% with at least 60% being attained on any given subject of the examination. The average scores on this eligible list ranged from 89.39 to 70.

Plaintiffs obtained their test results. Kraft correctly answered 64 questions on the written test, which on the curve fashioned by the Commission gave him a grade of 59.46. His below-60 score on this part of the test meant his grade of 88.68 in the "Education and Experience" category could not be considered to determine his general average. The other plaintiffs achieved scores lower than Kraft's.

Kraft filed his complaint on May 10, 1974. His principal allegation was that the test was illegal since a promotional examination had not been given. He also challenged the examination as given in respect to the grading procedures employed by the Commission, the method of awarding military credits, and the practical nature of the test. The complaint also sought to restrain the Commission from certifying and appointing anyone on the eligible list. After notice was given to the Commission, the trial court, on May 13, granted the injunction "pending disposition of the issues herein, or until further order of the court." In the order the court expressly recognized that absent the maintenance of the status quo, the existing vacancies for the position of Highway Engineer III could be filled from the challenged eligibility list with the result that plaintiffs would be denied their right to promotion to such positions and to the attendant salary and pension rights.

On May 17, the Commission filed a written motion to dissolve the injunction or in the alternative to amend it by requiring the posting of bond. That same day the court directed each plaintiff to post a bond of $1,000. On May 29, the Commission filed a motion to strike and dismiss the complaint. Plaintiffs' attempt to commence discovery was delayed until the court ruled on this motion. On July 22, the court denied the

Commission's motion to strike and dismiss the complaint. However, the court dissolved the temporary restraining order. The trial court stayed enforcement of its dissolution order to and including July 26.

On July 26, plaintiffs took action on three fronts. They requested the trial court to extend its order staying the dissolution of the injunction, which was denied. They filed their notice of interlocutory appeal from the order of dissolution. Plaintiffs also filed an emergency motion in this court to stay the dissolution of the injunction pending the outcome of this appeal. On August 6, we granted the requested relief conditioned on the posting by plaintiffs of an additional bond. On August 9, defendants filed a motion to reconsider, alleging that between July 27 and August 7 the Commission had taken steps to certify those on the eligible list and that such action served to moot this appeal. We denied the motion.

On appeal the parties have urged various theories in support of their respective positions. They can all be reduced to the presentation of two questions: (1) Did the trial court abuse its discretion in dissolving the injunction? (2) Did the action taken by the Commission while plaintiffs' emergency motion was pending in this court serve to moot this appeal?

This appeal actually relates to a very small part of the overall case. We are simply called upon to decide the propriety of the trial court's action in failing to maintain the status quo until plaintiffs' case is disposed of on the merits. This appeal does not dispose of the substantive and ultimate rights of the parties. The trial court found merit to plaintiff's complaint in initially granting the preliminary injunction and in subsequently denying the Commission's motion to dismiss the complaint. Thus we will not in this appeal consider the merit of plaintiffs' suit, since it would encompass, in essence, a collateral prohibitive review of the interlocutory order of the trial court denying the motion to dismiss the cause of action. (See *McDougall Co. v. Woods* (1928), 247 Ill.App. 170; *George F. Mueller & Sons, Inc. v. Daly* (1970), 124 Ill.App.2d 265, 260 N.E.2d 319.) The various orders entered by the trial court clearly indicate that the sole basis for the court's order of dissolution was its perception that the status quo did not have to be preserved.

■■ We shall comment initially on plaintiffs' contention that absent a showing of a change in law or facts subsequent to the time a court enters a preliminary injunction, the court lacks the power to dissolve the injunction, even if it was erroneously issued. Several cases are cited in support of this proposition. (*Material Service Corp. v. Hollingsworth* (1953), 415 Ill. 284, 112 N.E.2d 703, *overruled in part on other grounds,* *G. S. Lyon & Sons Lumber & Manufacturing Co. v. Department of*

*Revenue* (1961), 23 Ill.2d 180; *Benson v. Isaacs* (1961), 22 Ill.2d 606, 177 N.E.2d 209; *Field v. Field* (1967), 70 Ill.App2d 355, 223 N.E.2d 551.)These cases are inapposite since they relate to the power of a court to modify or vacate a permanent injunction. In the present case no final disposition has been made regarding the ultimate rights of the parties. Temporary restraining orders and preliminary injunctions are merely provisional remedies grounded in equity to maintain the status quo. As such the court has the inherent power during the pendency of a case before it to issue and vacate these orders. (See *Litzelman v. Town of Fox* (1936), 285 Ill.App. 7, 1 N.E.2d 915; *Fox Film Corp. v. Collins* (1925), 236 Ill.App. 281; *Lake Shore & Michigan Southern Ry. Co. v. Taylor* (1890), 134 Ill. 603, 25 N.E. 588.) Thus the trial court clearly possesses the power to dissolve a preliminary injunction absent a change of facts or law from the time of issuance to the time of dissolution.

However, power and propriety require separate considerations. There must be sufficient basis in the record to support the action taken by the court. (*Grossman v. Grossman* (1940), 304 Ill.App. 507, 26 N.E.2d 678.) No such basis exists in the record before us.

The only evidence before the court was the verified complaint of the plaintiffs. The intervenor-defendants filed an answer which did not dispute the essential factual allegations of the complaint. Where plaintiff has made out a prima facie case which, if proved and not controverted, will entitle plaintiffs to the relief prayed for, an injunction should be granted. *Baird v. Community High School District No. 168* (1922), 304 Ill. 526, 136 N.E. 671.

There is nothing in the record to show why the emergency relief granted to plaintiffs should not have been continued. Absent the injunctive order, the Commission would be free to certify and appoint those on the eligible list at the expense of the temporary positions held by plaintiffs. As a consequence, the threat of mootness with regard to the provisional relief would obviously become a real fear of plaintiffs. (See *Harney v. Cahill.*) If the plaintiffs were ultimately successful in their attack on the validity of the examination, they would be unable to recoup the loss of money and pension benefits from the County paid to the de facto employees. (*People ex rel. Trapp v. Tanner* (1956), 10 Ill.App.2d 155, 133 N.E.2d 526; see *Hoffman v. Wilkins* (1971), 132 Ill.App.2d 810, 270 N.E.2d 594.) These weighty considerations surely predominated over the prospective rights held by those on the eligible list. Plaintiffs' concern over the security of their positions pendente lite was not unfounded in view of the actions taken by the Commission once it was relieved of the preliminary injunction.

Defendants point to the language employed by the trial judge at

the conclusion of the hearing on July 22 which, they suggest, support an inference that the court dissolved the injunction because plaintiffs were guilty of laches. However, laches was not set forth as an affirmative defense in any of the pleadings. Furthermore, the application of the laches doctrine would have been inconsistent with the court's order upholding the complaint.

It is well settled that, as the movant, the Commission bore the burden of supporting its motion. (See 43 C.J.S. *Injunctions* § 252(d), at 999 (1945); *The Mengel Co. v. Local 4-443* (1954), 220 Miss. 317, 70 S.2d 613; *Simmermaker v. International Co.* (1941), 230 Iowa 845, 298 N.W. 911; *Robnet v. Miller* (1957), 105 Ohio App. 536, 152 N.E.2d 763.) However, the Commission made no showing to justify the dissolving of the injunction. See *Francis v. Galbreath* (1935), 278 Ill.App. 389.

Defendants rely upon *Harney v. Cahill* (1965), 57 Ill.App.2d 1, 206 N.E.2d 500, as authority for its position that the appeal is moot. In that case, plaintiffs challenged the validity of particular grading procedures utilized by the Civil Service Commission and of its conducting simultaneously promotional and original entrance examinations. The trial court granted a temporary injunction prohibiting the Commission during the pendency of the case from taking any steps to certify and appoint candidates whose names appeared on the resultant eligible lists. At the conclusion of the trial, the court ruled in favor of defendants and dissolved the temporary injunction. After entry of final judgment and while plaintiffs' appeal was pending in this court, the Commission took steps to certify and appoint the persons on the eligible lists. At the time of oral argument, all the vacancies had been filled. As an alternative holding, this court held that the case had become moot because no effectual relief could be granted.

Such is not the situation in the present case. This cause has not as yet been fully adjudicated. At the time our stay order was handed down, the only action taken by the Commission had been to certify some of the people on the eligible list. However, the decisive factor here is that this present cause allows room to provide effectual relief without injuring any of the people who have, through no fault of their own, already been certified and appointed from the challenged eligible list.

■■ For the reasons expressed above, the judgment of the circuit court of Cook County dissolving the preliminary injunction is reversed and the cause is remanded with directions to reinstate the preliminary injunction. Until this is done, the stay order entered by this court prohibiting the Commission from certifying and appointing additional persons from

the challenged eligible list to the position of Highway Engineer III remains in effect.

Order reversed and cause remanded.

DEMPSEY and MEJDA, JJ., concur.