(No. 80-CC-0005— <span style="background:black"> </span>

GEORGE H. SIMMONS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed October 27, 1980.*

GEORGE H. SIMMONS, *pro se*, for Claimant.

POCH, J.

This matter coming to be heard upon the motion of Respondent to dismiss the claim herein, and it appearing to the Court that Claimant has received due notice of said motion, and the Court being fully advised in the premises finds:

A. That the Claimant, George H. Simmons, an employee of the Stateville Correctional Center, was discharged on February 9, 1976.

B. That Claimant filed a grievance action which was settled at Step 4A of the Grievance Procedure within Collective Bargaining Agreement RC-6.

C. That said agreement, executed by the Department of Corrections, modified the original decision by same in regard to the disciplinary action to be taken in regard to the Claimant.

D. That said agreement purported to award money damages to Claimant and against the State of Illinois.

E. That the Civil Service Commission did not take part in the adjudication of this claim.

That pursuant to the above finding of facts, the court hereby adopts the following conclusions of law.

A. That as a matter of law the settlement agreement in this case, constituting a reconsideration by the Department of Corrections of its initial decision to discharge the Claimant, was not authorized by statute and was therefore contrary to the appellate court's decision in *Burton v. The Illinois Civil Service Commission* (1978), 57 Ill. App. 3d 835, 373 N.E.2d 765.

B. That as a matter of law the procedure set forth in Step 4A, section V, of Collective Bargaining Agreement RC-6, for the adjudication of grievances in regard to discharge proceedings, is contrary to Ill. Rev. Stat. 1977, ch. 127, pars. 63b 110-111, which states that the Civil Service Commission has exclusive jurisdiction to hear all appeals relating to employee discharges.

C. That as a matter of law the settlement agreement, executed in accordance with step 4A, section V, of RC-6, by which damages were awarded against the State of Illinois is directly contrary to the procedural requirements of the Court of Claims Act, Ill. Rev. Stat. 1977, ch. 37, par. 439.1 *et seq.*

D. That as a matter of law Collective Bargaining Agreement RC-6, Section V, in so far as it provides a procedure for the adjudication of grievance disputes which is contrary to statutory procedures, is void and unenforceable pursuant to *Selby v. Health & Hospital Governing Commission of Cook County* (1974), 22 Ill. App. 3d 632, 317 N.E.2d 642.

E. That as a matter of law the failure by all parties in this case, to follow procedures enjoined upon them by the legislature, for the adjudication of employment disputes, renders the settlement agreement unenforceable pursuant to *Chicago Rys. Co. v. Commerce Commission* (1929), 336 Ill. 51, 167 N.E. 846.

That pursuant to the above findings of fact and law, it is hereby ordered, that the Respondent's motion be, and the same is, hereby granted and the claim herein be and is hereby dismissed.