JOSEPH ANTON UEHLEIN, Plaintiff-Appellant, v. MEYER SHWACH-MAN *et al.*, Defendants-Appellees.

First District (2nd Division) No. 86—1250

Opinion filed May 12, 1987.—Rehearing denied June 16, 1987.

David K. Kremin and Mark L. Schwartzman, both of Rosenfeld, Rotenberg, Schwartzman, Hafron & Shapiro, of Chicago, for appellant.

Michael H. Moirano and Lawrence S. Gosewisch, both of Dahl & Moirano, of Chicago, for appellee 6334 North Sheridan Condominium Association, Inc.

Joseph L. Goldberg and Stuart L. Ellis, both of Chicago, for other appellees.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff Joseph Anton Uehlein was employed as a janitor by the defendants at a condominium building in the city of Chicago. Janitors Union Local No. 1, of which plaintiff is a member, had a collective bargaining agreement with the defendants and other condominium associations in Chicago. Plaintiff sued to recover payment for services. The trial court dismissed plaintiff's complaint for failure to exhaust the grievance and arbitration provisions of the union contract. Plaintiff appeals.

Article XII of the agreement requires union members to submit to an arbitration procedure any complaint, grievance, or dispute concerning, or arising from, the application of the agreement. The issue presented is whether the trial court properly dismissed plaintiff's action on the ground of lack of standing.

In count I, plaintiff seeks to recover wages allegedly due relating to his employment as a janitor pursuant to the provisions of the union contract. Count II, as stated in plaintiff's bill of particulars, pertains to wages allegedly due plaintiff regarding an oral contract with defendant to install an electrical outlet in the entryway to each apartment. Count III pertains to wages allegedly due plaintiff regarding an oral contract with defendant to fix a steam leak in the boiler, to remove an old hot water circulating pump, and to install a replacement. Counts II and III do not deal with duties normally performed by janitors under the city-wide union contract. Counts II and III involve "the recognized field of work" of other unions. These counts, therefore, fall under article IV, section 2, of the collective bargaining agreement, which provides:

"Section 2. Employees shall not be required:

(a) To do work which will conflict with the recognized field of work of any other union except in cases of emergency or where the interest of the Employer will suffer from failure to have the work done at once.

\* \* \*

(d) To perform special assignments or duties not normally considered janitorial or custodial in nature. An Employer who desires an employee to perform any such work shall notify and discuss the work in question with the Union. The basis of compensation for such work, in addition to the regular wages due under this Agreement, shall be negotiated with the Union. In the event the Employer and the Union disagree as to the appropriate wage after discussion, this wage dispute may be submitted to arbitration as provided by Article XII of this Agreement."

Plaintiff asserts that he has standing to bring his lawsuit based on rights arising out of the Illinois Wage Payment and Collection Act (Ill. Rev. Stat. 1985, ch. 48, par. 39m—1), which is designed to provide a remedy for individual workers to collect their earned wages. He states that employees may bring an action in State court for wages earned even though they had not pursued remedies pursuant to a collective bargaining agreement.

Plaintiff relies on several cases in support of his argument. (*E.g., Barrentine v. Arkansas-Best Freight System, Inc.* (1981), 450 U.S. 728, 67 L. Ed. 2d 641, 101 S. Ct. 1437; *Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 473 N.E.2d 1280, *cert. denied* (1985), 474 U.S. 909, 88 L. Ed. 2d 243, 106 S. Ct. 278; and *Wyatt v. Jewel Cos.* (1982), 108 Ill. App. 3d 840, 439 N.E.2d 1053, *appeal denied* (1982), 92 Ill. 2d 573.) In *Barrentine*, the plaintiffs filed suit alleging violation of the minimum wage provision of the Fair Labor Standards Act of 1938 (29 U.S.C. sec. 201 *et seq.* (1982).) The court held that an employee seeking to enforce a Federal statute designed to provide minimum guarantees to individual workers need not rely upon the grievance procedure as their exclusive avenue for relief. The court stated two reasons in support of this holding: (1) the union may not support the individual statutory rights of workers as they would the collective unit; and (2) that arbitrators, although qualified to interpret "the law of the shop," may not be qualified or authorized to interpret and apply the Fair Labor Standards Act. 450 U.S. 728, 742-43, 67 L. Ed. 2d 641, 655, 101 S. Ct. 1437, 1446.

The case at bar, however, involves no separate and distinct Federal statutory right. All counts of plaintiff's complaint, including counts II and III regarding oral contracts for extra work, fall under the union contract. As the United States Supreme Court stated in *Barrentine*, the arbitrator is well qualified to interpret the union contract. Therefore, *Barrentine* does not support plaintiff's argument.

Plaintiff's reliance on both *Midgett* and *Wyatt* is also misguided. Both cases involved an employee suing an employer in tort for retaliatory discharge without first exhausting the contractual remedies of the collective bargaining agreements. As stated in *Wyatt*, the plaintiff may have had a cause of action in contract and the employer may have raised the employee's failure to pursue the grievance procedures set forth in that contract as an affirmative defense. (*Wyatt v. Jewel Cos.* (1982), 108 Ill. App. 3d 840, 493 N.E.2d 1053.) However, because the plaintiff has the action founded in tort, he is not required to exhaust his remedies under the union contract.

In the case at bar, however, the dispute concerns certain wages due

under the union contract as opposed to a separate tort action. Therefore, these cases do not support plaintiff's argument.

 It is well established in Illinois that arbitration is favored. The object of arbitration is to foster the final disposition of disputes in an easier, quicker, and more economical manner than by litigation. Once a contract containing a valid arbitration clause has been executed, the parties are irrevocably committed to arbitrate all disputes arising under the agreement. (*First Condominium Development Co. v. Apex Construction & Engineering Corp.* (1984), 126 Ill. App. 3d 843, 467 N.E.2d 932.) The policy requiring an exhaustion of contractual requirements is furthered when the union procedures can grant the aggrieved employee full relief for his grievance. *Clayton v. International Union, United Automobile, Aerospace & Agricultural Implement Workers* (1981), 451 U.S. 679, 68 L. Ed. 2d 538, 101 S. Ct. 2088.

Plaintiff was a union member bound by the collective bargaining agreement negotiated in his behalf. Plaintiff sought no relief outside the arbitrator's authority. Further, plaintiff has failed to show that he has either exhausted his remedies under the agreement or that the union has breached its duty of fair representation in its handling of the employee's grievance. See *Cosentino v. Price* (1985), 136 Ill. App. 3d 490, 483 N.E.2d 297, *appeal denied* (1986), 111 Ill. 2d 566.

 In compelling a party to arbitrate claims pursuant to a union contract, we are not asking such party to give up substantive rights arising out of the Illinois Wage Payment and Collection Act. Rather, such parties are being held to the terms of a preexisting agreement to resolve their claims in an arbitrable rather than judicial forum. The *Barrentine* court stated that the "specialized competence of arbitrators pertains primarily to the law of the shop ***." (*Barrentine v. Arkansas-Best Freight System, Inc.* (1981), 450 U.S. 728, 743, 67 L. Ed. 2d 641, 655, 101 S. Ct. 1437, 1446.) "[The arbitrator's] task is limited to construing the meaning of the collective-bargaining agreement so as to effectuate the collective intent of the parties." (450 U.S. 728, 744, 67 L. Ed. 2d 641, 656, 101 S. Ct. 1437, 1446.) Since plaintiff's complaint arises entirely out of the collective bargaining agreement, he lacks standing to pursue this action without first exhausting his remedies pursuant to the agreement.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SCARIANO, P.J., and STAMOS, J., concur.