INTERNATIONAL ASSOCIATION OF FIREFIGHTERS LOCAL No. 23, Petitioner-Appellee, v. THE CITY OF EAST ST. LOUIS, Respondent-Appellant.

Fifth District   No. 5—89—0547

Opinion filed December 12, 1990.

HOWERTON, J., specially concurring.

Charles L. Wiest, Jr., of Vickers, Moore & Wiest, of St. Louis, Missouri, for appellant.

Jack Carey, of Belleville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Appellant, City of East St. Louis (hereinafter City), appeals from an order denying its motion to dissolve a preliminary injunction entered against it by the circuit court of St. Clair County. Appellee, the International Association of Firefighters, Local No. 23 (hereinafter Union), which represents employees of the City of East St. Louis fire department, had obtained a temporary restraining order and preliminary injunction prohibiting the City from laying off 30 firefighters. For the reasons set forth below, we reverse the trial court's denial of City's motion to dissolve the injunction.

On July 5, 1988, the Union filed a petition for temporary restraining order and application for preliminary injunction before the circuit court of St. Clair County. The petition alleges that on June 22, 1988, the City of East St. Louis rescinded an ordinance prohibiting the laying off of firefighters and, on June 30, 1988, the City laid off 30 firefighters who are in the collective bargaining unit represented by the Union. The petition further alleges that this layoff was in violation of the collective bargaining agreement in effect between the City and the Union, as well as in violation of the rules and regulations of the fire and police departments of the City of East St. Louis. The petition alleges that as a result of this layoff, the Union's members and the residents and businesses of City will suffer specific irreparable harm, injury, loss and damage.

On that same date, the petition for temporary restraining order was granted and an order was entered enjoining City from giving ef-

fect to its rescission of the ordinance prohibiting the laying off of firefighters and ordering the City to reinstate the 30 firefighters who had been laid off. A hearing on Union's application for a preliminary injunction was set for July 15, 1988.

On July 14, 1988, Union filed a motion to extend the temporary restraining order and continue hearing on the application for a preliminary injunction for the reason that City had notified Union that it would be unable to produce its witnesses for the hearing on July 15, 1988. This motion was granted on that same date, and hearing on the application for preliminary injunction was set for July 21, 1988. This hearing was also continued, for reasons which do not appear of record, until July 28, 1988. Once again, for reasons which do not appear of record, the hearing on the application for preliminary injunction was continued until August 18, 1988.

On August 18, 1988, the matter came on for hearing on Union's application for preliminary injunction. City had never filed a response to the application for preliminary injunction. The trial court granted the preliminary injunction, and the parties were ordered to agree on a date for trial on the merits. On August 25, 1988, City filed its response to Union's petition for temporary restraining order and application for preliminary injunction praying that the court deny the application for preliminary injunction.

On January 18, 1989, Union was allowed to amend its petition for temporary restraining order and application for preliminary injunction to include the allegation that proceedings were pending before an arbitration panel and that during such time section 14(l) of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1989, ch. 48, par. 1614(l)) prohibited either party from changing existing wages, hours or other conditions of employment.

On March 3, 1989, City filed a motion to dissolve the preliminary injunction. The motion alleges no facts or law in support of the motion.

On April 11, 1989, the court heard oral argument on the motion to dissolve the preliminary injunction. City argued that the dispute between it and the Union is over an alleged breach of their collective bargaining agreement, that, as such, it is arbitrable under the collective bargaining agreement, that arbitration is mandatory and must be exhausted prior to seeking court action, and that the Union has failed to submit the dispute to arbitration. City also argued that the injunction was in violation of the Illinois anti-injunction act, which provides:

> "No restraining order or injunction shall be granted by any court of this State in any case involving or growing out of a

dispute concerning terms or conditions of employment, enjoining or restraining any person or persons, either singly or in concert, from terminating any relation of employment ***." Ill. Rev. Stat. 1989, ch. 48, par. 2a.

Union argued that the City's proposed reduction in force was in violation of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1989, ch. 48, par. 1601 *et seq.*), which prohibits a change by either party to a collective bargaining agreement in existing wages, hours or conditions of employment during the pendency of any arbitration proceeding, that the parties were engaged in such a proceeding over terms of a follow-on or new collective bargaining agreement, and that the injunction merely maintains the status quo during negotiations on the new collective bargaining agreement. The Union also argued that it was without an adequate remedy at law because, without the injunction, 30 firefighters would lose their jobs without any real hope of being reinstated or receiving back pay even if the Union prevailed in arbitration, and that if it were forced to submit to arbitration without an injunction, its members would suffer irreparable injury. Thus, Union argued, it need not exhaust arbitration prior to seeking court action. The matter was taken under advisement.

On June 5, 1989, City filed a memorandum in support of its motion. On June 15, 1989, Union filed a motion to dismiss City's motion to dissolve the injunction, alleging that in its motion and in oral argument before the court, City had presented no facts indicating a change in circumstances from the date the preliminary injunction issued, which is required in order to prevail. Union's motion further argues that City's motion to dissolve is, in reality, a motion to reconsider the granting of the preliminary injunction, which was not filed within 30 days of issuance of the injunction, as required.

On July 24, 1989, the circuit court of St. Clair County denied City's motion to dissolve the preliminary injunction. The order contains no findings of fact or conclusions of law, nor does it set forth the trial court's reasoning. Notice of appeal was filed August 7, 1989. The only issue properly before us on appeal is whether the trial court erred in denying City's motion to dissolve the preliminary injunction.

■■ Union argues that a motion to dissolve an injunction is proper only when the movant can demonstrate a change in either the facts or the law of the case such that the injunction is no longer necessary or warranted, and that City has failed to so demonstrate. Union is correct with respect to permanent injunctions. However, with respect to preliminary injunctions, as in the case at bar, a court has inherent power during the pendency of the case before it to issue and vacate

such injunctions. (*Kraft v. Solon* (1975), 32 Ill. App. 3d 557, 561, 336 N.E.2d 577, 580.) Thus, a trial court possesses power to dissolve a preliminary injunction absent a change of facts or law from the time of issuance to the time of dissolution, provided a sufficient basis exists to support the dissolution. (*Kraft*, 32 Ill. App. 3d at 561, 336 N.E.2d at 580.) Whether or not to dissolve a preliminary injunction rests within the sound discretion of the trial court. *Eads Coal Co. v. United Mine Workers of America, District 12* (1975), 27 Ill. App. 3d 692, 703, 327 N.E.2d 115, 123.

■■ City argues that the trial court abused its discretion in refusing to dissolve the injunction after City pointed out, in its motion to dissolve, that the injunction had been improperly granted. Union argues that City has waived any error in the issuance of the preliminary injunction because it failed to raise any such issues or objections prior to its issuance. It is true that City did not file an answer or raise any defenses to Union's petition for temporary restraining order and application for preliminary injunction. While we agree that it would have been more efficient for City to raise its objections prior to issuance of the preliminary injunction, we do not think City was precluded from raising them in a motion to dissolve the preliminary injunction. Section 11—108 of the Code of Civil Procedure provides that a motion to dissolve an injunction may be made at any time before or after answer is filed. (Ill. Rev. Stat. 1989, ch. 110, par. 11—108.) All of the issues raised in this appeal by City were before the trial court on the motion to dissolve the injunction, and it is the denial of that motion which City appeals. City has not waived the issue of improper issuance of the preliminary injunction.

Union sought the preliminary injunction on the basis that City's proposed layoff of firefighters violated a provision of the Collective Bargaining Agreement between the parties which provides certain "manning" requirements for the fire department. Union argued that the proposed layoff would so reduce the force that it would be impossible for the City to meet these manning requirements, resulting in a violation of the collective bargaining agreement. The remaining firefighters would suffer irreparable harm in that they would be forced to work longer hours or additional shifts, the fire department would be undermanned, and the duties of the remaining firefighters would be rendered more hazardous. City denied that the proposed layoff was in violation of the collective bargaining agreement.

■■ That same collective bargaining agreement provides that all grievances or disputes arising between the parties, including the application, meaning or interpretation of the agreement, shall be dis-

posed of through a specified arbitration procedure. Furthermore, the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1989, ch. 48, par. 1601 *et seq.*) mandates arbitration of all disputes between public employers and employees represented by a union (Ill. Rev. Stat. 1989, ch. 48, par. 1608), and requires exhaustion of the arbitration procedure prior to seeking court action (Ill. Rev. Stat. 1989, ch. 48, par. 1616). It is well established in Illinois that once a contract containing a valid arbitration clause has been executed, the parties are irrevocably committed to arbitrate all disputes arising under the contract. *Uehlein v. Shwachman* (1987), 156 Ill. App. 3d 274, 277, 509 N.E.2d 493, 495.

We think the instant dispute over whether the proposed layoff of 30 firefighters violates the parties' collective bargaining agreement clearly falls within the provision in the agreement requiring mandatory arbitration. Union does not seriously dispute this, but argues that it will suffer irreparable harm during the arbitration proceeding if the status quo is not maintained through issuance of an injunction. City counters that the Illinois anti-injunction act prohibits issuance of an injunction in cases of this nature.

■ The Illinois anti-injunction act prohibits issuance of injunctions in cases involving or growing out of labor disputes concerning terms and conditions of employment. (*Sibley v. Health & Hospitals' Governing Comm'n* (1974), 22 Ill. App. 3d 632, 637, 317 N.E.2d 642, 646.) The instant case certainly involves a labor dispute concerning terms and conditions of employment, *i.e.*, the number of hours worked, the number of firefighters on each shift, etc. The language of the anti-injunction act itself provides no exception to this broad proscription against injunctions in labor disputes. The only exception recognized by Illinois courts is in the case of illegal acts or acts which give rise to liability, which may be enjoined despite the broad proscription of the anti-injunction act. (*American Device Manufacturing Co. v. International Association of Machinists, District No. 9, an Unincorporated Labor Organization, Local 673* (1969), 105 Ill. App. 2d 299, 303, 244 N.E.2d 862, 865.) Thus, illegal strikes or picketing involving illegal violence, or strikes in violation of a collective bargaining agreement which result in business losses, giving rise to liability, may be properly enjoined. (*American Device*, 105 Ill. App. 2d at 304-05, 244 N.E.2d at 865-66.) We are aware of no other recognized exception to the language of the anti-injunction act. Union asks us, however, to recognize another exception: where an injunction is necessary to maintain the status quo during arbitration and thus prevent irreparable injury to one of the parties.

Such an exception is recognized under the Federal anti-injunction law, section 4 of the Norris-LaGuardia Act, which provides that no court of the United States shall have jurisdiction to issue any injunction in any case involving or growing out of any labor dispute to prohibit any person from, *inter alia*, remaining in any relation of employment. (29 U.S.C. §104 (1988).) In *Aluminum Workers International Union, AFL-CIO, Local Union No. 215 v. Consolidated Aluminum Corp.* (6th Cir. 1982), 696 F.2d 437, the United States Court of Appeals for the Sixth Circuit recognized an exception to section 4 of the Norris-LaGuardia Act, permitting an injunction against an employer where the injunction was necessary to maintain the status quo in order to protect the integrity of the arbitral process, *i.e.*, where arbitration without maintenance of the status quo would render that arbitration meaningless. The court held that, in order to fall within this exception, a union must establish the following: (1) that the underlying grievance is one which the parties are contractually bound to arbitrate; and (2) the traditional bases for equitable injunctive relief: (a) the ongoing nature of the breach of the collective bargaining agreement by employer; (b) that the union will suffer irreparable harm from the employer's breach of the agreement; and (c) that the union will suffer more from denial of the injunction than the employer will from its issuance.

In *Aluminum Workers*, the court found that the dispute was indeed arbitrable and that there appeared to be an ongoing breach of the agreement by employer, but failed to find that the union would suffer irreparable harm from the breach. (Thus, the court did not reach the third basis for equitable relief, balancing of hardships.) The court held that irreparable harm is injury so great that an arbitrator's award, if forthcoming, would be inadequate to fully recompense the injured party, rendering the award an empty victory. Such a result undermines the arbitral process and justifies the issuance of an injunction. The court found that the union had failed to establish this point where the only injury to the employees was loss of employment from a solvent employer. The court stated that, absent some indication of the employer's inability to reinstate affected employees or to pay them wages for the period of unemployment, the mere loss of employment is not irreparable harm and will not support a claim by the union for injunctive relief. Thus, the court vacated the injunction which had prohibited the employer from reorganizing job classifications, resulting in the elimination of 16 jobs.

The court further held that possible repossessions, foreclosures and injury to credit status which might befall the unemployed were

not the type of harm that, by its occurrence, threatens the integrity of the arbitral process. The court found these to be speculative damages which would materialize, if at all, only in select cases. Further, such damages would be less likely to materialize if both parties proceeded with arbitration in a timely manner.

◼ We find it unnecessary to adopt this case as the law in Illinois because we find that, even were we to do so, Union could not meet the requirements of the exception. Like the union in *Aluminum Workers*, the union in the case at bar has not demonstrated that it will suffer the type of irreparable harm from the layoff necessary to justify issuance and continuance of the injunction. The record contains no evidence of City's inability to reinstate and pay back wages to laid-off firefighters in the event Union prevails in arbitration. As in *Aluminum Workers*, we find the other damages alleged by Union, danger of fatigue, lack of manpower, and the need to work longer hours for which the firefighters would be paid, to be speculative and not the type which threaten the integrity of the arbitral process. As in *Aluminum Workers*, these damages will be less likely to materialize if both parties proceed with arbitration in a timely manner.

Union has failed to establish that its members will suffer irreparable harm in the absence of the injunction and thus this case would not fall within the exception to anti-injunction statutes established in *Aluminum Workers* even were we to adopt that case as the law in Illinois. We therefore decline to do so at this time.

◼ The preliminary injunction issued by the circuit court of St. Clair County was issued in contravention of the Illinois anti-injunction act. The trial court abused its discretion in refusing to grant appellant's motion to dissolve the injunction. Because we have the same powers as does the trial court herein (107 Ill. 2d R. 366), we hereby dissolve the preliminary injunction issued by the circuit court of St. Clair County.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is reversed and the injunction issued by that court is hereby dissolved.

Judgment reversed; injunction dissolved.

LEWIS, J., concurs.

JUSTICE HOWERTON, specially concurring:

I cannot join the majority's reasoning, but I concur in the result because neither the temporary restraining order nor the preliminary

injunction set forth specific reasons for entry, nor did the preliminary injunction or the order granting it describe in reasonable detail the acts restrained as required by section 11—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 11—101). Both the temporary restraining order and the preliminary injunction, without specificity, are rendered unenforceable, because without definite, clear and precise terms, reasons for misunderstanding and excuses for disobeying exist. See generally *Illinois Power Co. v. Latham* (1973), 15 Ill. App. 3d 156, 303 N.E.2d 448; *Village of Gilberts v. Holiday Park Corp.* (1986), 150 Ill. App. 3d 932, 502 N.E.2d 338, *appeal withdrawn* (1987), 115 Ill. 2d 540, 511 N.E.2d 438.