PATRICK MEDIA GROUP, INC., Successor in Interest to Foster and Kleiser, Division of Metromedia, Inc., Plaintiff-Appellee, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellants (Chicago Transit Authority, Defendant).

First District (1st Division)   No. 1—92—1633

Opinion filed August 23, 1993.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Mardell Nereim, and Bobbie McGee Gregg, Assistant Corporation Counsel, of counsel), for appellants.

Rock, Fusco, Reynolds & Garvey, Ltd., of Chicago (Kevin W. Horan and Mara S. Georges, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendants, the City of Chicago, Harry Manley, acting commissioner of the Department of Inspectional Services, and Patrick Gamboney, director of licensing, registration, and permits (collectively defendants), challenge the circuit court's denial of their motion to vacate a preliminary injunction. We conclude the circuit court erred and remand the cause.

The history of this case spans some 10 years. In that this appeal marks the third time the same underlying facts have come before this court, there is little need to repeat them. We provide here only those facts from this court's Rule 23 order, filed December 21, 1987, that are necessary to understand our disposition.

Plaintiff, Patrick Media Group, is a "successor in interest" to the original plaintiff, Foster & Kleiser (Foster). In 1983, Foster entered into a contract with the Chicago Transit Authority (CTA) to erect signs on leased portions of the elevated rail structures at 10 locations within the Chicago Loop. (*Foster & Kleiser v. City of Chicago* (1st Dist. 1987), No. 1—87—0014 (unpublished opinion under Supreme Court Rule 23).) On April 5, 1983, Foster submitted a permit application to defendant City of Chicago (the City) and subsequently received 10 permits signed by the Commissioner of Buildings. On June 28, 1983, the Chicago city council passed an ordinance which ordered the Department of Inspectional Services to issue 12 permits to Foster, including the 10 permits at issue here. In reliance on both these permits and the ordinance, Foster commenced construction of the signs on the elevated structures, posted advertisements on several of the structures, and prepared to electrify the signs by mid-February 1984.

On February 21, 1984, the Department of Inspectional Services notified Foster that it had revoked the 10 permits. Foster was advised that the permits were not in compliance with chapter 36, section 30, of the Chicago Municipal Code and was directed to remove its signs. On February 23, 1984, Foster filed suit in the circuit court against defendants. Foster sought a writ of *mandamus*, a declaratory judgment, permanent injunctive relief, and compensation for the City's taking of its "vested" property rights in the issued permits.

On March 1, 1984, the circuit court issued a preliminary injunction against defendants. We upheld that preliminary injunction in an unpublished order filed on June 29, 1984, holding that Foster had made a threshold showing that it would prevail on the ultimate merits of its claim.

Following that determination, the City moved for summary judgment in the circuit court, arguing that the permits were illegally issued, that the Department of Inspectional Services was not authorized to issue permits for the erection of electric signs, and that Foster's signs were in violation of the Municipal Code. The circuit court granted summary judgment in favor of defendants. The court ruled that this court's decision in *Foster & Kleiser v. City of Chicago* (1986), 146 Ill. App. 3d 928, 497 N.E.2d 459, barred Foster's action. In *Foster*, the sixth division of this court held that Foster did not have vested property rights in 2 of the 12 sign permits issued and subsequently revoked by the City because those two permits were issued in violation of a landmarks preservation ordinance. (*Foster*, 146 Ill. App. 3d at 935-37.) In applying *Foster* to the present case, the circuit court ruled that *Foster* operated as *res judicata* to the issues raised by Foster. The circuit court also dissolved the preliminary injunction.

On appeal to this court, Foster challenged the grant of summary judgment and the dissolution of the preliminary injunction. We reversed, however, holding that the circuit court had incorrectly applied the doctrine of *res judicata*. We also ordered that a hearing on the validity of the permits be held.

Following remandment, Foster moved for summary judgment. In its motion, Foster argued that it had complied with all Municipal Code provisions and that the City had issued the permits which authorized it to install the billboards in question. The circuit court granted this motion on April 12, 1990. In pertinent part, the order read:

"[F]or reasons stated by the court on the record, plaintiff's motion for summary judgment is granted and the status quo shall be maintained pending further order of this court. It is also ordered that the court finds that there is no just reason to delay appeal of this matter."

The trial judge found that the City validly issued the permits to plaintiff and that section 36—30 of the Municipal Code was not applicable to the facts of the case.

On September 18, 1990, plaintiff filed an emergency motion for leave to file a second amended complaint, adding the CTA "as a necessary party-defendant." The circuit court granted the motion. The second amended complaint contained the same counts as to the City and alleged additional counts against the CTA. Plaintiff filed two other amendments to the complaint, both containing the same four counts against the City, with additional counts against the CTA.

On January 31, 1992, the City filed its motion to vacate the preliminary injunction entered in March 1984 or, in the alternative, to enter a final order. The City argued that the circuit court erred when it entered the 1984 preliminary injunction because the permits were revocable by virtue of Foster's failure to comply with the Municipal Code. The City also argued that the permits are permissive and can be revoked at any time.

In its response, plaintiff claimed that the summary judgment order entered by the circuit court on April 12, 1990, was a final, appealable order and that defendants' motion was an untimely post-judgment motion, on which the circuit court lacked jurisdiction to rule. The circuit court agreed with plaintiff and denied defendants' motion.

Defendants now appeal, under Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)), from the circuit court's order of April 20, 1992, refusing to dissolve the injunction.

Defendants characterize the circuit court's order of April 20, 1992, as one which refused to dissolve the 1984 preliminary injunction, and thus is appealable under Rule 307(a)(1). Plaintiff, however, characterizes the order as one which refused to dissolve a permanent injunction. The April 1990 order of summary judgment, it argues, constitutes a permanent injunction and, as a result, precludes appeal to this court under Rule 307(a)(1). Moreover, plaintiff asserts that, because the order disposed of fewer than all claims before the circuit court and because the order lacks the requisite language of Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), it is a nonfinal order and hence nonappealable.

■ This court has jurisdiction to entertain the present appeal pursuant to Supreme Court Rule 307(a)(1). (134 Ill. 2d R. 307(a)(1).) Rule 307(a)(1) provides for the appeal of any interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." (134 Ill. 2d R. 307(a)(1).) Although the circuit court's order of April 12, 1990, granted summary judgment in favor of plaintiff, that order did not constitute a final, permanent injunction because it lacked the specificity required of injunctive orders by the Code of Civil Procedure. Section 11—101 of the Code specifically requires:

> "[e]very order granting an injunction and every restraining order shall set forth the reasons for its entry; shall be specific in terms; shall describe in reasonable detail *** the act or acts sought to be restrained." (Ill. Rev. Stat. 1989, ch. 110, par. 11—101.)

Our courts consistently have held that an injunction must be definite, clear, and precise in its terms in order to conform with this statutory requirement. (*Chavin v. General Employment Enterprises, Inc.* (1991), 222 Ill. App. 3d 398, 406, 584 N.E.2d 147, *appeal denied* (1992), 145 Ill. 2d 632, 596 N.E.2d 626; *Carriage Way Apartments v. Pojman* (1988), 172 Ill. App. 3d 827, 840, 527 N.E.2d 89.) The text of the April 1990 order, as set forth above, clearly lacks the specific language required by the statute. Thus, at the time of defendants' motion, the parties were still operating under the 1984 preliminary injunction. The parties' course of conduct confirms this view. We note in particular defendants' motion which specifically referred to the 1984 preliminary injunction and the following colloquy:

> "MR. LASKO [defendants' counsel]: My understanding, Your honor, is that the order you entered in April on the motion for summary judgment granted the motion but did not provide a final injunction. So we're still under the preliminary injunction.
>
> THE COURT: That is correct."

In view of these facts, the basis of this court's jurisdiction can only be found in Rule 307.

■ We must next determine whether the circuit court properly refused to dissolve the 1984 preliminary injunction or to enter final judgment. Generally, with respect to preliminary injunctions, a court has inherent power during the pendency of the case before it to issue, modify, or vacate such injunctions. (See, *e.g.*, *International Association of Firefighters Local No. 23 v. City of East St. Louis* (1990), 206 Ill. App. 3d 580, 565 N.E.2d 264; *H.K.H. Development Corp. v. Metropolitan Sanitary District of Greater Chicago* (1968), 97 Ill. App. 2d 225, 240 N.E.2d 214.) The circuit court possesses power to dissolve a preliminary injunction absent change of facts or law from the time of issuance to the time of dissolution, provided a sufficient basis exists to support dissolution. Whether or not to dissolve the injunction rests within the discretion of the court. *International Association of Firefighters Local No. 23 v. City of East St. Louis*, 206 Ill. App. 3d at 584.

■ Apparently, the trial court believed that the entry of its 1990 summary judgment order divested the circuit court of jurisdiction to either dissolve or modify the 1984 preliminary injunction. That order, however, did not have that effect. The April 1990 order merely ended the dispute between the parties with regard to the validity of the permits. Although the order contained Rule 304(a) (134 Ill. 2d R. 304(a)) language, defendants never appealed the ruling. Because of its finality, the April 1990 order only affected the court's jurisdiction to re-

*consider* the grant of summary judgment because over two years had passed since the order's date of entry. (See Ill. Rev. Stat. 1989, ch. 110, par. 2—1203 (motion for reconsideration or rehearing must be made within 30 days after the entry of the judgment).) The circuit court's jurisdiction to dissolve or modify the 1984 preliminary injunction remained unaffected by the 1990 order. In fact, the circuit court properly could have entered a final, injunctive order on the basis of the April 1990 order because its jurisdiction to so act continues. (See *People ex rel. Willet Motor Coach Co. v. Board of Education* (1988), 171 Ill. App. 3d 166, 524 N.E.2d 1155, *appeal denied* (1988), 122 Ill. 2d 593, 530 N.E.2d 263.) Thus, the circuit court erred in summarily denying the motion on jurisdictional grounds. Therefore, we reverse the circuit court's order denying defendants' motion to dissolve the preliminary injunction, and we remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

CAMPBELL and BUCKLEY, JJ., concur.