BRUCE MEEKS, Plaintiff-Appellant, *v.* SOUTH BEND FREIGHT LINES, INC., Defendant-Appellee.

Third District   No. 79-997

Opinion filed July 14, 1980.

Michael D. Block, of Cirricione, Block, Krockey & Cernugel, of Joliet, for appellant.

Theodore J. Bednarek, of Troha, Troha & Bednarek, of Joliet, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

This appeal is taken from a judgment entered by the trial court against plaintiff, Bruce Meeks, following a bench trial upon a stipulated set of facts and legal memoranda of the parties. Plaintiff's cause of action was based in contract and sought to collect vacation pay allegedly due to him from his employer, South Bend Freight Lines, Inc., defendant, under the terms of a collective bargaining agreement.

The essential question on appeal is whether the trial court correctly

interpreted the collective bargaining agreement to mean that plaintiff's only remedies were the grievance procedures contained in the agreement.

The record shows that Bruce Meeks was employed as a truck driver for the past 12 years by defendant, South Bend Freight Lines, Inc. As a member of the Chicago Truck Drivers, Helpers and Warehouse Workers Union, he was subject to two successive collective bargaining agreements made between the Union and his employer.

In November of 1977, during the period covered by the first of the two collective bargaining agreements involved, Meeks was injured and while unable to work, he collected vacation pay under this agreement. He sustained a different injury in September of 1978 while the first agreement was still in effect, but his disability extended well into the period covered by the second agreement, which began April 1, 1979. Meeks remained disabled from the date of his second injury through the time of trial in October 1979, so that vacation pay accrued to him under the second agreement. The first agreement, as well as the second, provided that vacation pay could only be collected once during the period of such agreement for periods of time that the employee was disabled.

Meeks demanded vacation pay, but it was refused by defendant. Without first pursuing the grievance procedures set forth in the collective bargaining agreement, plaintiff filed suit against his employer, seeking money damages on a breach of contract theory. Both the employer and the Union objected to the suit.

The relevant portion of the collective bargaining agreement, found at article 18, section 3, reads as follows:

"Grievances Other than Discipline or Discharge

Section 3. All grievances relating to the interpretation or application of any provision of this agreement other than the discipline or discharge of an Employee, shall be processed as follows:

(a) The Employer and the Union who are involved in the dispute shall within thirty (30) calendar days after notice of the grievance or such additional time as shall be mutually agreed to by the Union and the Employer meet and attempt to reach a settlement which shall be final and binding on all the parties.

(b) If the parties fail to reach a final and binding settlement as provided for in Section 2(a) of this article then the grievance shall be submitted to the Permanent Joint Grievance Committee within thirty (30) calendar days after the date on which it has been determined a settlement cannot be reached, or within such additional time as shall be mutually agreed to by the Union and Employer. * * * The Committee shall have the power to make a complete and final disposition of any grievance before it including, but not limited to, a money award for violation of the wage, hours,

or overtime provisions of this Agreement, health and welfare and/or pension contributions, and all reasonable costs of the Committee meeting including, but not limited to, court reporter fees, room rentals, daily wages for necessary witnesses, and attorney's fees and interest charges on monies due. However, nothing herein shall authorize the Permanent Joint Grievance Committee to alter the terms and conditions of this Agreement or to make a new Agreement.

\* \* \* If the Committee resolves the grievance by a majority vote of those Committee Members present and voting, then such decision shall be final and binding on all parties to the grievance. If the Committee is deadlocked on the disposition of the grievance, then the Union and the Employer shall be permitted the exercise of all economic recourse in support of its position in the grievance. Cumulative Remedy

Section 3. If the Employer fails to comply with the grievance procedures as specified in Sections 1 and 2 of this Article, or does not comply with the majority decision of the Permanent Joint Grievance Committee or the final and binding ruling of the Arbitrator, as both are described in this Article, or if the Permanent Joint Grievance Committee or its designees fail to convene and render an award within the time limits defined in the grievance procedure, then the Union, at its discretion, shall be permitted all legal and economic recourse, including, but not limited to, the right to strike in support of its contractual rights or in enforcement of decisions rendered under Sections 1 and 2 of the grievance procedure, notwithstanding anything to the contrary in this Agreement. Any action taken by the Union in this regard shall not be arbitrable or reviewable by any tribunal.

*The recourse reserved to the Union in this Agreement shall be cumulative with any other economic or legal remedy available to it. The Union may, in addition to pursuing all other remedies, sue the Employer in the Union's own behalf or in behalf of any aggrieved Employee for specific performance of this Agreement, injunctive relief, recovery of dues, wages, vacations, or other damages; or any other legal redress including the enforcement of the decisions, awards or settlements made under Section 1 or Section 2 hereof.* The Employer hereby expressly waives the right to object to the Union being party plaintiff in such action." (Emphasis supplied.)

The "Cumulative Remedy" paragraphs, and, in particular, the portion italicized, are relied upon by the plaintiff to support his assertion that the

grievance procedures in the agreement are cumulative, and not exclusive, and, thus, that his action at law against the defendant for money damages is not precluded. We disagree.

■■ The plain language of the agreement specifies the grievance procedure to be followed by all employee/Union members and clearly reserves recourse to other remedies to the Union, acting on behalf of its members. In the present case not only did Meeks not follow the grievance procedure, but the Union objected to his bringing suit against the defendant employer.

■■■ The courts have consistently held that where, as in the present case, a collective bargaining agreement establishes a grievance and arbitration procedure, the agreement must be construed to establish these procedures as the exclusive mode of redress for the enforcement of the terms of the employment contract unless the parties, through the agreement, expressly agree otherwise. (*Republic Steel Corp. v. Maddox* (1964), 379 U.S. 650, 13 L. Ed. 2d 580, 85 S. Ct. 614; *Orphan v. Furnco Construction Corp.* (7th Cir. 1972), 466 F.2d 795; *Payne v. Pullman Co.* (1957), 13 Ill. App. 2d 105, 141 N.E.2d 83.) The provision making the Union's remedies cumulative is not, in our view, an express agreement to the nonexclusivity of the grievance procedure. Furthermore, it is well-settled law that an employee seeking to enforce the employment contract must at least attempt to exhaust his contractual remedies before resorting to a judicial remedy. (*Matzer v. Florsheim Shoe Co.* (1971), 132 Ill. App. 2d 470, 270 N.E.2d 75; *Payne v. Pullman Co.* (1957), 13 Ill. App. 2d 105, 141 N.E.2d 83.) In the case at bar, Meeks failed to pursue any administrative or contractual remedies before bringing suit.

Because we hold that the collective bargaining agreement giving rise to plaintiff's cause of action sets forth the exclusive remedy for plaintiff's claim for vacation pay, we affirm the trial court's decision denying relief to plaintiff.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.