JIMMIE PATTERSON *et al.,* Plaintiffs-Appellants, v. CARBONDALE COMMUNITY HIGH SCHOOL DISTRICT No. 165, Defendant-Appellee.

Fifth District   No. 5—85—0713

Opinion filed June 10, 1986.

Stephen M. Tillery and Kevin C. Kaufhold, both of Kassly, Bone, Becker, Dix & Tillery, of Belleville, and Earl Handricks, Jr., of Murphysboro, for appellants.

Andrea R. Waintroob and Charles P. Rose, both of Vedder, Price, Kaufman & Kammholz, of Chicago, for appellee.

JUSTICE JONES delivered the opinion of the court:

This appeal follows the dismissal of the plaintiffs' amended complaint in three counts for breach of an express and an implied contract of employment.

The plaintiffs, eleven custodians who had been employed by the defendant, Carbondale Community High School District No. 165, filed suit in December of 1984 in a three-count complaint, alleging in count I breach of an express contract and in count II breach of an implied contract of employment. Upon the defendant's motion to dismiss, the trial court dismissed the first count of the complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), giving the plaintiffs 21 days in which to file an amended complaint. In the same order the court dismissed the third count of the complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619).

The plaintiffs filed a three-count amended complaint in which they alleged again in the first count the breach of an express contract and in the second count the breach of an implied contract of employment.

In count I, which is designated in parentheses "Express Contract Breach," they stated that the defendant had entered into collective bargaining agreements with them through their union, the Service Employees' International, Local Union No. 316, and that a contract, attached to the complaint as an exhibit, had been entered into by the parties from July 1, 1983, until June 30, 1984. The amended complaint alleged further that on June 30, 1984, a new collective bargaining agreement had not been reached and that the contract of July 1, 1983, to June 30, 1984, had been "extended" because, *inter alia,* collective bargaining agreements between the parties had traditionally ended on June 30 of each year and had traditionally been extended until a new agreement could be reached; the plaintiffs had worked until August 23, 1984, receiving "the same wages, terms and conditions of employment as under the collective bargaining agreement at issue in this cause"; after June 30, 1984, the defendant and the plaintiffs' local union had negotiated concerning a new contract on five occasions between approximately July 17, 1984, and August 14, 1984; and on about August 14, 1984, "the parties in negotiation agreed that the negotiation of a new contract was at impasse, and *** the last union proposal had been rejected by the defendant." According to the amended complaint, after June 30, 1984, and during the extension of the collective bargaining agreement the defendant accepted bids for independent custodial services; on about August 23, 1984, the plaintiffs were discharged and their employment was terminated; and on that date a custodial service, Citywide Maintenance of Marion, began performing custodial services for the defendant. The plaintiffs alleged that they

"need not resort to the grievance procedure pursuant to the above said collective bargaining agreement because:

a. The filing of the grievance procedure would have been futile since the appeal under the grievance procedure would have been to the same individuals who made the decision to discharge and terminate the plaintiffs;

b. The defendant district committed an act of anticipatory repudiation of the contract;

c. The defendant district has denied the existence of the contract at issue, and thus the time for filing [*sic*] grievance procedure would only begin to run after a court has interpreted the contract and made a decision on the dispute between the parties as to the existence and validity of said contract."

The plaintiffs alleged the breach by defendant of article XVI of the agreement, relating to the use of outside contractors, in that the work

customarily performed by the employees of the bargaining unit will not be continued to be performed, the defendant had contracted as it had done for the purpose of undermining the local union, and the defendant had so contracted for the purpose of discriminating against members of the collective bargaining unit.

In count II of the amended complaint, which is designated in parentheses "Implied Contract," the plaintiffs alleged "[t]hat the defendant district at various times throughout the employment of the plaintiffs offered the plaintiffs continued employment as custodians for the district, so long as they could satisfactorily perform their work" and "[t]hat the defendant district, by conduct throughout the employment of the plaintiffs as custodians, manifested a pattern of continued employment to the plaintiffs, so long as they satisfactorily performed their work." The plaintiffs alleged further that the defendant's discharge of the plaintiffs on or about August 23, 1984, had not been occasioned by their failure to perform their duties and that by discharging the plaintiffs the defendant had "breached its implied contract to continue employment with the plaintiffs."

In count III of the amended complaint, the plaintiffs alleged that the defendant had formed collective bargaining agreements with them through their union, that after June 30, 1984, and "during the extension of the above said collective bargaining agreement" the defendant had accepted bids for independent custodial services, that the plaintiffs were discharged on or about August 23, 1984, and that on the same day Citywide Maintenance of Marion had begun to perform custodial services for the defendant. The plaintiffs alleged that by so doing the defendant had exceeded the scope of its proper powers and authorities in regard to the hiring and firing of its custodial personnel and had unlawfully delegated its powers and authorities to other individuals with respect to the hiring and firing of its custodial personnel.

The defendant moved to dismiss the amended complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 100, par. 2—615). With respect to count I the defendant stated that the collective bargaining agreement had expired by its own terms on June 30, 1984, and had not been extended by the parties, that the defendant had had a right to subcontract the custodial and maintenance work after bargaining to impasse over the issue, and that, insofar as the plaintiffs' alleged rights arose from the collective bargaining agreement, their claim was barred by their failure to exhaust their contractual remedies. With regard to count II the defendant stated that under the express terms of the collective bargaining agreement, no implied contract existed between the parties during the term of the

agreement, no implied contract arose after June 30, 1984, and no implied contract arose during the term of the collective bargaining agreement as a matter of law.

The trial court subsequently ordered all counts of the amended complaint dismissed. Count I was dismissed for the plaintiffs' failure to exhaust their administrative remedies in a timely manner. The court reasoned in the order as follows:

> "Article XVI preserved Plaintiffs' jobs against outside contractors which express term is alleged to be violated in Count I. Article VIII [of the collective bargaining agreement] sets up a grievance procedure and defines a grievance as any alleged violation of any provision of the agreement and provides for time limits and prescribed procedure and for barring of use of the procedure unless a grievance is timely acted upon. There is a four step procedure agreed upon ending in final and binding arbitration, all with time limitation periods which may be extended by mutual consent.

> If Article XVI is expressly in effect, then Article VIII is in effect. As there is no suggestion any of the grievance procedures were followed, and, indeed Plaintiffs['] suggestion that exercise of such procedures would be useless indicates they were not followed, it follows also that Count I must fail as not stating any cause of action of which this Court has jurisdiction.

> No extension of time limits can be claimed if no grievance was ever filed.

> The acceptance of the grievance procedure along with all other terms of the agreement cannot be so lightly repudiated as requiring a 'useless act.' "

Concerning count II of the amended complaint, the trial court determined that it "must be dismissed as no right to continued employment arose by continued payment of wages to Plaintiff [sic] after June 30, 1985 [sic] particularly in the face of the alleged fact that other services were being actively considered by Defendant during the period of negotiations." In dismissing count II the trial court stated that "[t]he existence of an express contract defining terms and conditions of employment to expire June 30, 1984 is apparent." The trial court dismissed count III "[f]or reasons previously stated." In a subsequent order amending the order dismissing the amended complaint, the trial court corrected certain misstatements of dates in the prior order, and our quotations from that prior order incorporate any such amendments.

The plaintiffs have appealed the order dismissing their amended

complaint, presenting two issues for review: (1) whether the trial court erred in dismissing the count for breach of express contract "in a situation where the facts are in dispute, and where no discovery has been taken" and (2) whether the trial court erred in dismissing the count for breach of implied contract "when the defendant's motion to dismiss merely challenged the allegations of the implied contract and only offered its contrary version of the contract."

In their brief the plaintiffs contend that they have asserted facts supporting their allegation of an extension of the express contract and have made allegations allowing them to avoid "resorting to grievance proceedings, due to the futility of the procedure and also anticipatory reputiation [sic] on the part of the defendant." They maintain that the question of futility of the grievance procedure is one of fact for the jury and not one of law for the trial court. Since the plaintiffs have not argued that under the terms of the agreement the matter was not an arbitrable one, we make no determination in that regard.

■■ Exhibits attached to the complaint become part of the pleadings, and facts stated in such exhibits are considered as though alleged in the complaint. (*Ford v. University of Illinois Board of Trustees* (1977), 55 Ill. App. 3d 744, 371 N.E.2d 173.) The courts have consistently held that where a collective bargaining agreement establishes a grievance and arbitration procedure, the agreement must be construed to establish those procedures as the exclusive mode of redress for the enforcement of the terms of the employment contract unless the parties, through the agreement, expressly agree otherwise. (*Meeks v. South Bend Freight Lines, Inc.* (1980), 85 Ill. App. 3d 755, 407 N.E.2d 228.) It is well-settled law that an employee seeking to enforce the employment contract must at least attempt to exhaust his contractual remedies before resorting to a judicial remedy. (*Meeks v. South Bend Freight Lines, Inc.* (1980), 85 Ill. App. 3d 755, 407 N.E.2d 228.) The complaint must show on its face that the grievance procedures provided for in the collective bargaining agreement were followed and exhausted. (*Gordon v. Thor Power Tool Co.* (1965), 55 Ill. App. 2d 389, 205 N.E.2d 55.) Without such a showing, resort may not be had to the courts for relief. (*Gordon v. Thor Power Tool Co.* (1965), 55 Ill. App. 2d 389, 205 N.E.2d 55.) Addressing the issue of the failure to file grievances under a mandatory contract grievance procedure, the court observed in *Schultz v. Owens-Illinois, Inc.* (7th Cir. 1982), 696 F.2d 505, 511:

> "Justice Harlan wrote in *Republic Steel [Corp. v. Maddox* (1965), 379 U.S. 650, 13 L. Ed. 2d 580, 85 S. Ct. 615] that '[a]s a general rule *** federal labor policy requires that individual em-

ployees wishing to assert contract grievances must *attempt* use of the contract grievance procedure before requesting judicial intervention. 379 U.S. at 652, 85 S. Ct. at 616 (emphasis in original). But the rule of *Republic Steel* is not absolute. In *Glover v. St. Louis-San Francisco Railway*, 393 U.S. 324, 329-30, 89 S. Ct. 548, 551-552, 21 L. Ed. 2d 519 (1969), Justice Black noted 'that the exhaustion requirement is subject to a number of exceptions for a variety of situations in which doctrinaire application of the exhaustion rule would defeat the overall purposes of federal labor relations policy.' One of these exceptions involves facts which show, as they did in *Glover,* 'that a formal effort to pursue *contractual or administrative* remedies would be absolutely futile.' 393 U.S. at 331, 89 S. Ct. at 552 (emphasis supplied)."

In *Vaca v. Sipes* (1966), 386 U.S. 171, 17 L. Ed. 2d 842, 87 S. Ct. 903, the court considered the problem of determining under what circumstances an individual employee may obtain judicial review of his breach-of-contract claim despite his failure to secure relief through the remedial procedures provided in the contract. The court in *Vaca* specified as an obvious situation in which the employee should not be limited to the exclusive remedial procedures established by the contract the situation in which the conduct of the employer amounts to a repudiation of those contractual procedures.

In the instant case, if the agreement was extended and in effect as alleged, the grievance procedure contained therein was, likewise, in effect. As we have said, the plaintiffs contend in their brief that they were not required to exhaust their contractual remedies because of the futility of doing so and because of the defendant's repudiation of the agreement, having made in their amended complaint three allegations in this regard. Concerning the first of these three allegations, their statement in the amended complaint that "the appeal under the grievance procedure would have been to the same individuals who made the decision to discharge and terminate the plaintiffs" does not indicate, as it must, that a formal effort to pursue contractual remedies would have been absolutely futile, particularly since, according to the terms of the agreement allegedly in effect, an arbitrator rather than the defendant would make the final determination with respect to the parties' dispute. To permit a party to a collective bargaining agreement that provides for a grievance procedure culminating in arbitration to seek relief in the courts without alleging facts indicative of the absolute futility of attempting to follow such a procedure would subvert the process of arbitration in the resolution of labor disputes. Con-

cerning the second of the three allegations in support of the plaintiffs' failure to exhaust their contractual remedies, they alleged repudiation of the contract by the defendant but not conduct by the defendant amounting to a repudiation of the contractual procedure set forth for the resolution of disputes. That the defendant discharged the plaintiffs does not point to the defendant's unwillingness to resolve the ensuing dispute by administrative rather than judicial means. Whether the defendant would have engaged in conduct amounting to a repudiation of the contractual procedure cannot be known in the absence of the plaintiffs' attempt to use it. For these reasons, the defendant's denial of the existence of an agreement in effect between the parties, which is the third of the plaintiffs' allegations concerning their failure to resort to the grievance procedure, indicates neither the defendant's repudiation of the contractual procedure for the resolution of disputes nor, contrary to the plaintiffs' assertion in their brief, the absolute futility of an attempt by them to use that procedure. Because the plaintiffs have not alleged facts indicative of the absolute futility of following the grievance procedure provided in the agreement under which they seek relief, facts indicative of the defendant's repudiation of the grievance procedure, or facts indicative of their own attempt to follow the grievance procedure, they are barred from seeking relief through the courts, and the trial court properly dismissed count I of their first amended complaint.

With respect to the issue the plaintiffs raise concerning the dismissal of count II of their amended complaint for the breach of an implied contract to continue employment, we conclude initially on the basis of the allegations contained therein that the implied contract they allege is one implied in fact rather than one implied in law, for which the term "quasi contract" is often used (see 1 A. Corbin, Contracts, sec. 19, at 44 (1963)). The plaintiffs assert that they have stated separate and distinct facts giving rise to an independent cause of implied contract based upon continued employment. Inasmuch as they have alleged in support of their claim in count II facts not alleged in count I, we conclude that plaintiffs are, as they assert in their reply brief, pleading in the alternative. *Cf. Piper v. Board of Trustees* (1981), 99 Ill. App. 3d 752, 426 N.E.2d 262 (second count of amended complaint for breach of an implied contract of employment dismissed where the count realleged the factual matters of the first count for breach of an express contract).

■ The plaintiffs maintain further that the question of whether "continued employment was manifested" by the defendant is a question of fact for the trier of fact that may not be decided by the trial

court on a motion to dismiss. The defendant argues, *inter alia,* that the express contract by its terms precluded the existence of an implied contract and that "[e]ven without the express language of the Agreement, the Plaintiffs' contention that they had an implied contract of continued employment in addition to the collective bargaining agreement is totally untenable." In support of this statement, the defendant, relying upon *Salvati v. Streator Township High School* (1964), 51 Ill. App. 2d 1, 200 N.E.2d 122, asserts the proposition that under Illinois law implied contracts may not coexist with express contracts on the same subject. Even if the express contract of employment and the implied contract of "continued employment" are deemed not to be related to the same subject matter—and we make no determination in that respect—it is apparent from the amended complaint that the terms of the employment to be "continued" are those of the express agreement. Although the plaintiffs do not in count II refer expressly to the collective bargaining agreement attached as an exhibit in count I, they allege the same losses and seek the same relief in count II as they allege and seek in count I for breach of express contract. In both counts I and II they allege the loss of past and future wages as well as "fringe benefit and seniority losses" and seek "back wages, fringe and seniority benefits, and reinstatement to their positions as custodians." Article XVIII of the collective bargaining agreement addresses "Wages," article V of this agreement concerns "Seniority," and article XIII of the agreement treats "Fringe Benefits." Article VIII, as we have already indicated, provides for the grievance procedure to be followed for the resolution of disputes. Inasmuch as the plaintiffs have alleged no attempt to use the grievance procedure provided by the terms of the employment allegedly agreed by implication to have been "continued," they are, as we have held with reference to count I, barred from seeking relief in the courts, and, thus, the trial court properly dismissed count II of the amended complaint.

Although the plaintiffs do not appear on appeal to challenge the trial court's dismissal of the third count of their amended complaint, we note that, since they refer in that count to the "extension of the above said bargaining agreement," they seem to refer to the express agreement of count I. Therefore, what we have said concerning their failure to pursue the contractual remedies provided in the collective bargaining agreement would apply to count III as well.

Affirmed.

KASSERMAN, P.J., and KARNS, J., concur.