RUTH SEMMENS *et al.*, Indiv. and as Representatives of a Class of Teachers Employed at Central Elementary School, Lincoln Elementary School and Washington Elementary School, Plaintiffs-Appellees, v. BOARD OF EDUCATION OF PONTIAC COMMUNITY CONSOLIDATED SCHOOL DISTRICT No. 429, Defendant-Appellant.

Fourth District    Nos. 4—90—0770, 4—91—0001 cons.

Opinion filed June 28, 1991.

Allan D. Schwartz and Timothy A. Bridge, both of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Chicago, for appellant.

Ralph H. Loewenstein, of Deffenbaugh, Loewenstein, Hagen, Oehlert & Smith, P.C., of Springfield, for appellees.

PRESIDING JUSTICE LUND delivered the opinion of the court:

The defendant, Board of Education of Pontiac Community Consolidated School District No. 429, Livingston County, Illinois (Board), appeals from a judgment of the circuit court of Livingston County entered on December 7, 1990, granting relief sought by plaintiffs Ruth Semmens, Marjorie Legner, and Sharon Baremore *et al.* Plaintiffs brought the action against the defendant, seeking injunctive relief and damages, as the defendant had restricted teachers to a 30-minute lunch period. The judgment provided in part:

"THIS CAUSE coming on for hearing on the Bench Trial, and evidence having been heard, the Court finds as follows:

1. That the Court has jurisdiction to determine whether section 24—9 of the Illinois School Code has been violated.

2. That the regular local school lunch period in this school system is 45 minutes.

3. That there were no organized physical education activities which would meet the requirements of the State Curricula taking place during this regular local school lunch period; there was only a need to supervise students engaged in free play.

4. That the categorization of a portion of the regular local school lunch period as a physical education activity was a sham.

5. That the action of the Board of Education in restricting teachers to a 30-minute lunch period and administratively assigning them to perform supervisory or other duties during the regular local lunch period was a violation of Section 24—9 of the School Code.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The Board of Education of Pontiac Community Consolidated School District No. 429, Livingston County, Illinois, is hereby enjoined from further violation of Section 24—9 of the School Code by affording teachers less than the regular local lunch period or by administratively assigning them to perform supervisory or other duties during the regular local school lunch period.

B. That each member of the class of Plaintiffs previously certified by the Court is awarded monetary damages in the amounts indicated on Exhibit A attached hereto."

The monetary portion of the judgment shown by exhibit A listed awards totaling $187,587, which covered a period of four school years and was of benefit to 81 staff members.

One of defendant's contentions on appeal is that the trial court did not have jurisdiction, such being exclusively within the jurisdiction of the Illinois Educational Labor Relations Board (IELRB). A prior opinion of our court reversed and remanded the trial court's earlier decision, which decision held that the IELRB had exclusive jurisdiction. See *Semmens v. Board of Education of Pontiac Community Consolidated School District No. 429* (1989), 190 Ill. App. 3d 174, 546 N.E.2d 746.

I. FACTS

The defendant and the Pontiac Education Association (Association), the bargaining representative for defendant teachers, began bargaining for a new contract in the fall of 1986. One of the issues discussed in bargaining was the length of time for the teachers' lunch period and the supervisory responsibilities during the students' lunch period. Basic agreement was reached by the Association and the Board in January and February 1987. On February 25, 1987, retroactive pay consistent with the dictates of the proposed agreement was paid. The executed agreement was dated June 22, 1987, but covered the 1986-87 and the 1987-88 school years, continuing in effect until August 26, 1988. The agreement consisted of 34 pages, plus appendixes A through C.

Article VI, entitled "WORKING CONDITIONS" under paragraph 6.6 (page 11), provides for "Lunch Period — Teacher Aides," and sets forth a duty-free 30-minute lunch period with other related conditions. Paragraph 6.7 is entitled "Lunch Period — Certified," but is blank of any provisions. The evidence indicates that terms for paragraph 6.7 (page 11) could not be agreed upon in the bargaining process.

Trial court joint exhibit No. 4 is entitled "SIDE LETTER" and states that the defendant and the Association agreed to set a joint committee to "review and assess the current lunch period *** in order to establish a more uniform student/teacher lunch hour and a more effective program of student supervision." With other provisions, the side letter provided that "[t]he Committee shall conclude its responsibilities no later than May 31, 1987." The copy of the exhibit in the court file does not contain signatures by either party.

Briefs do indicate that the side letter was executed by representatives from both the Board and the Association.

Joint exhibit No. 2 indicates the Board adopted a resolution on August 27, 1987, which provides:

"NOON LUNCH AND RECESS PERIOD PROCEDURES
1987-88

All regularly employed full-time and (where applicable) part-time teachers employed by the Board of Education, School District No. 429, Pontiac, Illinois, shall be entitled to a 30 (thirty) minute duty-free lunch period.

During any lunch recess or other recess periods, full-time and regularly employed part-time teachers shall be administratively assigned to perform supervisory or other duties."

The class schedules indicated there was a 45-minute period from the time classes were dismissed for lunch until the time classes recommenced. Evidence was introduced indicating children eating at school usually finished their meal within 30 minutes.

■ Section 24—9 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—9) provided, and it still provides:

"Teachers duty free lunch period. Every teacher in any school house where 2 or more teachers are employed whose duties require attendance at the school for 4 or more clock hours in any school day shall be entitled to and be allowed a duty free lunch period equal to the regular local school lunch period but not less than 30 minutes in each school day." Ill. Rev. Stat. 1989, ch. 122, par. 24—9.

There was ample evidence to support the trial court's finding "that the regular local school lunch period in this system is 45 min-

utes." While the defendant argues on appeal that the trial court erred in determining the school lunch period was 45 minutes rather than 30 minutes, we find, after considering the conflicting evidence, that the trial court's decision on this issue was not against the manifest weight of the evidence.

Defendant also contends the lunch assignment policy was the subject of a collective-bargaining agreement within the meaning of the Illinois Educational Labor Relations Act (Act) and, thus, the IELRB has primary and exclusive jurisdiction to determine whether the parties' agreement concerning the lunch period assignment policy is violative of teacher rights under section 24—9 of the School Code.

Plaintiffs contend they had no obligation to grieve the dispute because there was no collective-bargaining provision with regard to the lunch period for certified staff. Because of lack of an agreement for the lunch period, it is argued the Board's action was unilateral and violative of section 24—9.

Section 1 of the Act provides:

"It is the purpose of this Act to regulate labor relations between educational employers and educational employees, including the designation of educational employee representatives, negotiation of wages, hours and other conditions of employment and resolution of disputes arising under collective bargaining agreements." (Ill. Rev. Stat. 1989, ch. 48, par. 1701.)

It is contended by plaintiff that IELRB authority extends only to the regulation of labor relations and disputes arising under collective-bargaining agreements, and that this is not such a dispute.

## II. PRIOR APPELLATE OPINION

We first look to the opinion of a panel of our court which previously reversed the trial court's order dismissing plaintiff's complaint. (*Semmens,* 190 Ill. App. 3d 174, 546 N.E.2d 746.) The trial court's earlier dismissal was based upon the conclusion that jurisdiction was exclusively within the IELRB. Defendant contends the prior opinion does not control the present appeal because evidence subsequent to our previous decision produced in the trial court establishes the existence of a side-letter agreement covering the teacher lunch period. Defendant argues that the side letter was equivalent to a bargained agreement. It is suggested that the earlier decision of our court was based upon the conclusion that the free-lunch-period issue is not covered by the agreement. Defendant insists that an opposite conclusion is now called for because of the additional evidence produced in the trial court. We disagree.

The opinion in the prior *Semmens* appeal stated:

"Even after considering all of the unverified material, no indication is given that plaintiffs should have grieved the issue upon which they complain or requested the Association to submit it to arbitration, because the question of a free lunch period was not covered by the collective-bargaining agreement. No question of improper refusal to bargain was possible, because no collective-bargaining agreement could provide for a lunch period violating section 24—9 of the School Code." *Semmens*, 190 Ill. App. 3d at 181, 546 N.E.2d at 750.

■ Our interpretation of this statement, when read with the entire prior *Semmens* opinion, leads to the conclusion that if school children were given a 45-minute school lunch period, then teachers were entitled to the same under provisions of section 24—9 of the School Code. Furthermore, the right for equal lunch time with a minimum of 30 minutes was not subject to bargaining, arbitration, or anything additional related to the Act. The prior *Semmens* opinion implied that violation of section 24—9 could result in court proceedings any time within a five-year period of limitations, which period of limitations is inconsistent with the filing of a complaint under the Act (see Ill. Rev. Stat. 1989, ch. 48, par. 1715 (six-month limitations period)).

The Board argues that during the summer of 1987 it changed the school lunch period from 45 minutes to 30 minutes. The only notice of a possible change was the resolution shown as joint exhibit No. 2, which is previously set forth in this opinion. The resolution makes no reference to the student lunch period, and there is no evidence of notice of the change being distributed to parents or students. The resolution was only a direction to teachers. Section 24—9 would control the teachers' lunch period regardless of the resolution.

We do not dispute that the length of the teacher lunch period could be subject to bargaining, as long as the bargaining related to time in excess of the student lunch period. Section 24—9, under such circumstances, would not be a limiting factor. However, that is not the issue now before us.

As we previously indicated, evidence of the nature of break time for the student lunch period was in conflict. Certain school notices refer to it as the lunch period. Children going home for lunch had 45 minutes, as did those staying at school. Those staying at school, however, usually finished eating within 30 minutes, even though there was no specific rule requiring the meals be consumed within that time period. Those eating lunch at school could use any extra time during the 45-minute period for recreation or whatever. The trial court was

the fact finder, and its decision on this issue shall be affirmed. We conclude the previous *Semmens* opinion is controlling, and the trial court's decision must be affirmed.

Affirmed.

SPITZ and McCULLOUGH, JJ., concur.