LORI L. QUIST, Plaintiff-Appellant, v. BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT No. 525 *et al.*, Defendants-Appellees.

Third District    No. 3—93—0442

Opinion filed February 16, 1994.—Rehearing denied March 22, 1994.

Stephen McClary, of Chicago, for appellant.

Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Chicago (Nicholas E. Sakellariou, of counsel), for appellees.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff Lori L. Quist appeals from judgment of the circuit court of Will County dismissing her complaint for wrongful termination of employment as a nontenured psychology instructor for defendant Joliet Junior College and denying her post-judgment motion for reconsideration. For reasons that follow, we affirm.

According to plaintiff's complaint, plaintiff entered into a contract of employment with defendant college in November 1990, for employment as an instructor for the 1991 spring semester. The

parties' agreement is expressly subject to the Illinois Public Community College Act (110 ILCS 805/1—1 *et seq.* (West 1992)), the School Code (105 ILCS 5/1—1 *et seq.* (West 1992)), and the policies, rules and regulations of the Board of Community College District No. 525 (Board). As a member of the Joliet Junior College Faculty Council, AFT-Local 604, plaintiff's contract was also subject to her union's collective bargaining agreement with defendant college.

Plaintiff alleges that in February 1991, the Board moved to reappoint her for the 1991-92 academic year. On January 13, 1992, defendant requested that plaintiff furnish a summary of her progress on instructional objectives agreed upon the prior spring and informed her that her annual review meeting would be conducted during the week of January 27. According to plaintiff's complaint no such meeting was conducted, and on February 7, 1992, plaintiff was given notice by the school's director of human resources that she would not be recommended to the Board at its next scheduled meeting for reappointment for the 1992-93 academic year. On February 11, plaintiff filed a grievance pursuant to her union's bargaining agreement, reciting as follows:

"Not provided with an annual review as required by contract. Recommendation for dismissal inappropriate and premature without annual review. Annual review is a contractual basis for non-retention of non-tenured appointment. Academic freedom also denied."

As relief, plaintiff requested "annual review of non-tenured faculty member prior to any recommendation of non-renewal as required by contract."

At its meeting on February 11, 1992, the Board unanimously resolved to dismiss plaintiff from her duties as a faculty member upon the completion of the 1991-92 academic year. The record does not indicate that the Board was in receipt of plaintiff's grievance prior to its action. However, on March 6, 1992, plaintiff sent a letter to Dr. James Lepanto, vice-president of academic affairs, stating that on advice of legal counsel she was withdrawing her February 11 grievance. In her complaint plaintiff alleges that the next Board meeting was scheduled for March 10, and that no action was taken to afford her an annual review prior to the Board's meeting on that date.

On March 20, plaintiff's attorney, Stephen McClary, wrote a letter to attorney Fred Lifton, counsel for defendant college, asserting that legal action would be initiated unless defendant met the following demand:

"We must receive, in writing, from the administration of Joliet

Junior College, that a recommendation for renewal of Lori's contract for the 1992-93 academic year will be presented to the Board of Trustees at that body's next meeting. (i.e. April). Said letter must be received by Friday March 27, 1992."

Counsel for the college responded in writing on April 2, informing plaintiff's husband that the college had determined to relieve plaintiff of her teaching duties effective "immediately," but the college would honor its financial obligations pursuant to the parties' contract. Dr. Lepanto also sent a letter to plaintiff on April 2 confirming her immediate "relief" from teaching duties and directing her to meet with Dean Richard Brandolino on April 6 "to discuss [her] assignment for the remainder of the spring semester." Plaintiff failed to appear for the April 6 meeting, whereupon Dr. Lepanto sent another letter to plaintiff directing her to report to the school on April 9 for her assignment and to turn over student records, grades, assignments, etc., at that time. Plaintiff failed to respond to this letter or subsequent notices to meet with defendant's representatives in May. On May 12, the Board gave plaintiff final notice in writing of its resolve to dismiss plaintiff for cause pursuant to the Public Community College Act unless plaintiff requested a hearing in writing within 10 days.

It appears that plaintiff took no further action before filing her complaint in four counts in the circuit court on June 9, 1992. In count I, plaintiff asserts breach of contract and requests that defendant be enjoined from dismissing her and ordered to reinstate her as an instructor for the following academic school year. Count II seeks declaratory judgment defining the parties' rights and duties pursuant to their contract of employment. Count III complains of "tortious interference with prospective business relationships" for failure to reemploy her without affording her an annual review and demands punitive damages. Plaintiff alleges that the College's recommendation that she not be rehired interfered with her contractual relationship with the Board. Count IV is a complaint at law alleging breach of contract by the Board for dismissing her without conducting the annual review.

Defendant moved to dismiss all counts of the complaint with prejudice pursuant to section 2—619(a)(9) of the Illinois Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 1992)) on grounds that plaintiff's complaint was barred for failure to exhaust contractual and administrative remedies, and that punitive damages as prayed for in count III are unavailable pursuant to the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/2— 102 (West 1992)). Defendant also moved for dismissal of count III pur-

suant to section 2—615(b) (735 ILCS 5/2—615(b) (West 1992)) on the ground that Joliet Junior College and Community College District No. 525 are a single entity and cannot be sued for inducing a breach of its own contract. Plaintiff filed responsive pleadings and memoranda objecting to defendant's motion to dismiss, requesting in the alternative leave to amend her complaint. After considering the parties' pleadings, exhibits, case and statutory law, and arguments of counsel, the circuit court granted defendant's motions and dismissed plaintiff's complaint with prejudice, as aforesaid. By statute, the Board is the body politic amenable to suit on behalf of the college. (110 ILCS 805/3—11 (West 1992).) Accordingly, for purposes of this appeal we refer to the Board and the college collectively as the defendant.

In this appeal, plaintiff advances three issues for our review: (1) whether the court erred in finding that plaintiff was required to exhaust administrative remedies prior to seeking judicial intervention; (2) whether the circuit court abused its discretion in not permitting plaintiff an opportunity to amend her complaint; and (3) whether the court erred in dismissing her cause of action for tortious interference with prospective business interests and her demand for punitive damages.

■ Initially, we find no merit to plaintiff's argument that the trial court erred in finding that plaintiff was required to exhaust her administrative remedies before seeking judicial intervention. It is well established in this State that an employee subject to a collective bargaining agreement must at least attempt to exhaust contractual remedies before resorting to a judicial remedy. To state a complaint, plaintiff must allege on the face of her pleading that grievance procedures were followed and exhausted. *Patterson v. Carbondale Community High School District No. 165* (1986), 144 Ill. App. 3d 254, 259, 494 N.E.2d 240, 244 (citing *Meeks v. South Bend Freight Lines, Inc.* (1980), 85 Ill. App. 3d 755, 407 N.E.2d 228, and *Gordon v. Thor Power Tool Co.* (1965), 55 Ill. App. 2d 389, 205 N.E.2d 55).

Plaintiff seeks to distinguish this case from *Patterson* by pointing to the fact that, unlike *Patterson*, her complaint cites a violation of the Public Community College Act, which requires that the Board provide an evaluation procedure for nontenured faculty members and serve notice of a decision to dismiss no later than 60 days before the end of an academic year. (110 ILCS 805/3B—3 (West 1992).) We find the distinction unavailing with respect to plaintiff's duty to exhaust administrative remedies. In fact, the collective bargaining agreement in this case contains a procedure in article 5 for annual review of nontenured faculty. The gist of plaintiff's grievance and

counts I, II and IV of her complaint is that the Board failed to conduct an annual review and discuss it with her pursuant to the collective bargaining agreement prior to reaching its decision not to reemploy her for the following year. We find that the Board's alleged action is subject to the grievance procedure of plaintiff's union's collective bargaining agreement. By failing to pursue and exhaust that procedure, plaintiff's judicial complaint cannot stand notwithstanding the alleged statutory violation. Accordingly, we hold that the circuit court did not err in dismissing with prejudice counts I, II and IV of plaintiff's complaint.

Plaintiff next contends that the trial court unjustifiably denied her an opportunity to amend the contract-based counts of her complaint to add allegations that: (1) the collective bargaining agreement between defendant and her union provided for a means of redress outside of the administrative remedy; and (2) the union's unwillingness to support her position created a situation of "absolute futility" in pursuing the administrative remedy.

Defendant responds that neither of these allegations would save the complaint. Defendant points out that even if plaintiff's causes of action might have been sanctioned by the collective bargaining agreement at the time the Board decided not to reemploy plaintiff for the 1991-92 academic year, on March 19, 1992, prior to the filing of plaintiff's complaint, the agreement was modified so as to eliminate the language upon which plaintiff relies for her first argument. With respect to the "futility" argument, defendant argues that plaintiff's unilateral decision to withdraw her grievance in this case, thereby precluding arbitration, defeats her position. We agree.

■ The law of this State respecting amendments to pleadings is clear. Pursuant to section 2—616(a) of the Code of Civil Procedure, the trial court may permit pleadings to be amended "on just and reasonable terms *** which may enable the plaintiff to sustain the claim for which it was intended to be brought." (735 ILCS 5/2—616(a) (West 1992).) Whether to allow amendments is a matter within the sound discretion of the trial court, and absent an abuse of this discretion, the court's determination will not be overturned on review. *Pry v. Alton & Southern Ry. Co.* (1992), 233 Ill. App. 3d 197, 598 N.E.2d 484.

In this case, plaintiff seeks to advance a position that she withdrew her grievance in reliance on article 14 of the union bargaining agreement, which provides, "Alleged misinterpretation or misapplication of a specific article or section of this agreement, shall be resolved by utilization of the grievance procedure set forth in the agreement, *or by other lawful and peaceful means available under the law of Illinois.*" (Emphasis added.)

However, as defendant correctly notes, where there are conflicts between the Illinois Educational Labor Relations Act (the Act) and "any other law, executive order or administrative regulation," the Act controls. (115 ILCS 5/17 (West 1992).) In this case the afore-quoted italicized language of the collective bargaining agreement (before the March 19, 1992, amendment) is in conflict with the Act to the extent that the agreement appears to confer jurisdiction on the circuit court to resolve labor disputes without exhausting the grievance procedure.

Section 10(c) of the Act provides that collective bargaining agreements "shall contain a grievance resolution procedure which shall apply to all employees in the unit and shall provide for binding arbitration of disputes concerning the administration or interpretation of the agreement." (115 ILCS 5/10 (West 1992).) The bargaining agreement in this case contains such a procedure in article 9. It provides in section 9.1 that "[a]ny affected faculty member or the Union may present a grievance to the appropriate administrator ***, [and] [i]f the Union is not the grievant, a copy of the grievance shall be sent to the Union president by the grievant concurrent with its filing." The agreement provides for notice and appeals to the appropriate vice-president, the president and the board of trustees, and ultimately provides for resolution through binding arbitration. Thus, construing the union agreement in conjunction with the Act, the "means available under the law of Illinois" was for plaintiff to exhaust the grievance procedure set forth in the collective bargaining agreement by pursuing it to binding arbitration.

■ Next, plaintiff alludes to conduct on the part of her union representative indicating his unwillingness to support her grievance. Plaintiff fails, however, to explain how amending her complaint to add allegations of the representative's reluctance would relieve plaintiff of her duty either to proceed with the grievance she filed upon the Board's decision not to retain her for the following school year or to take any action protesting the Board's subsequent decision to dismiss her with cause. Since the bargaining agreement does not require that a grievance be presented by a union representative prior to arbitration, plaintiff may not establish futility of proceeding with it by simply alluding to the representative's lack of enthusiasm for plaintiff's position. Plaintiff has not alleged that she demanded further union representation or that the union refused to advance her grievance. Thus, even if the union representative subjectively did not wish to present plaintiff's cause, plaintiff would be hard-pressed to establish futility of an administrative remedy that in fact she abandoned voluntarily. Moreover, plaintiff provides no explanation

for her failure to challenge her ultimate dismissal by filing a second grievance. Under the circumstances, we hold that the trial court was justified in finding no arguable basis for a futility exception to the exhaustion doctrine. We find that the trial court did not abuse its discretion in denying plaintiff an opportunity to amend her complaint.

Lastly, plaintiff posits without citation to any authority that the trial court abused its discretion in dismissing with prejudice count III, claiming punitive damages for tortious interference with prospective business relationships. Plaintiff suggests that her pleadings in response to defendant's motion to dismiss contain factual reference to willful and malicious acts by defendant's employees sufficient to entitle her to maintain a cause of action for punitive damages in tort upon amendment of her complaint to add other defendants.

In order to maintain a cause of action for tortious interference with a contract or prospective contractual relationship, the tortfeasor must be a third party to the contractual relationship. (*IK Corp v. One Financial Place Partnership* (1990), 200 Ill. App. 3d 802, 818-19, 558 N.E.2d 161, 172.) As stated in *IK*, "it is indisputable that a party cannot tortiously interfere with its own contract." Inasmuch as plaintiff in this case charges that the president of defendant college made a statement allegedly threatening to her future employability, she is alleging interference by an agent of her employer, defendant college. Since, as aforesaid, the Board is the body politic representing the college administration, plaintiff's complaint of tortious interference with contract charges interference by an agent of the Board, not by a third party to her contract with the Board. Accordingly, we hold that the trial court properly dismissed plaintiff's count III.

In sum, we affirm the judgment of the circuit court of Will County dismissing plaintiff's complaint with prejudice and denying her motion for reconsideration.

Affirmed.

BRESLIN and LYTTON, JJ., concur.